### GARNSEY v. RHODES.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. EVIDENCE—DECLARATION.

   In an action to recover a balance due upon a contract for the erection of a house, it is improper to admit evidence of conversations about defects in the work, held during the progress of the work and in the plaintiff's absence, by the defendant with his own architects, who in no manner represent the plaintiff.

2. CONSTRUCTION OF CONTRACT—EXTRA WORK.

   In a contract for the erection of a house a clause which provides that any addition or omission from the contract shall be added or deducted by a fair valuation, but shall in no wise affect the contract, prevents a claim for extra work from being brought under the terms of the contract; and full value for such extra work may be recovered, even though the requirements of the contract have not been complied with, unless the regular work has been done so negligently as to render the extra work valueless.

Appeal from judgment on the report of referee.

Action by Erasmus D. Garnsey against Joseph E. Rhodes to recover the balance due upon a contract for the erection of a house, and also a claim for extra work. From the judgment of the referee dismissing his complaint upon the merits the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Edward S. Clinch*, (*E. S. Church*, of counsel,) for appellant. *Jackson & Burr*, (*Jos. A. Burr, Jr.*, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover a balance alleged to be due upon a contract for the erection of a house by the plaintiff for the defendant, and also for an amount alleged to be due for extra work. It will not be necessary, in the disposition of this case, to consider the evidence in detail, because, in consequence of errors in the admission of evidence, it is necessary that there should be a new trial of the issues involved; and the court should not express its opinion in the disposition of this appeal upon the question as to the weight of evidence, so as to fetter or influence the new tribunal in considering the evidence which may be brought before it upon the new trial.

It seems to be clear that the introduction of the evidence of conversations between the defendant and his architects, who were his agents in respect to this transaction, and in no manner represented the plaintiff, in the absence of the plaintiff, after this contract had been entered into, and during the progress of the work, was entirely inadmissible. These conversations were in respect to defects which the defendant alleged to have found in the work which was being done, and agreements upon the part of the architects that the complaints were well founded, and that the defects should be remedied, and also a statement by the architects as to conversations which they had had with the plaintiff, and the position which he is alleged to have taken in respect to some of the complaints. Evidence of this character was clearly incompetent, as the plaintiff was in no respect responsible for the declarations of the architects, nor was he in any way responsible for any information which may have been conveyed to the architect by the defendant. This testimony was material. What influence it may have exerted upon the mind of the referee, it is impossible for us to tell. It may have had influence in determining the referee in the conclusion at which he had arrived in respect to the merits of the controversy.

It may also be proper to consider the question of the claim for extra work made by the plaintiff. It is urged on behalf of the defendant that if there could be no recovery upon the main contract because of important deviations from that contract, made intentionally by the plaintiff, there could be no recovery for extra work, because, by the terms of the contract, extra work came within its provisions. The clause of the contract relating to extra work is as follows: "That should the owner, at any time during the progress of the building, request any alteration, deviation, addition, or omission from the contract, he shall be at liberty to do so; and the same shall in no wise affect or make void the contract, but will be added to or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation." It seems to us that the true interpretation of this clause does not by any means bring the claim for extra work under the contract itself. By the language of the clause in question, it is expressly provided that the addition or omission shall in no wise affect the contract or make void the contract, but that the value of such addition or omission is to be added to or deducted from the amount of the contract. It is apparent that the only office which this provision serves in the contract is to guard against any claim that it should affect or nullify the contract, or any of its provisions. The question in regard to payment or deduction for work ordered which is not mentioned in the contract, or work omitted which has been mentioned in the contract, refers only to the regulation of the amount to be paid or to be deducted. Payment for such extra work is to be made at a fair and reasonable valuation, and in case of the omission of work ordered to be done by the contract a reasonable deduction is to be made. What this part of the provision was intended to cover is somewhat problematical, as no case has ever come before the court upon a building contract in which there had been an omission for which the owner was claiming a deduction. There is undoubtedly some relation between the extra work and the work contemplated by the contract, because, if the work upon the contract should be done in so poor and negligent a manner as to render the extra work valueless, then, although it was not included in the contract, the builder could not recover. But unless some such condition of affairs as has been suggested is shown to exist the builder is entitled to recover the full value of his extra work, although, perhaps, he may not have completed his contract in accordance with its requirements. *Woodworth* v. *Fuller*, 80 N. Y. 312. It seems to us, therefore, that there should be a new trial of this case, in consequence of the errors committed, before another referee, with costs to the appellant, to abide the final event. All concur.