THEODORE SCHULTZE, Respondent, *v.* ISAAC GOODSTEIN, Appellant, and JACOB DENG, Respondent.

1. MECHANIC'S LIEN — EVIDENCE — CONTRACTOR'S BREACH OF WARRANTY. Where it is shown upon the trial of an action to foreclose a mechanic's lien that the contractor had failed to comply with a provision of the contract by which he warranted all the plumbing and gas fitting for one year and agreed to make all necessary repairs during that time, whereby the owner had been compelled to expend a certain amount for repairs which the contractor, after due notice, had neglected to make, questions, asked in behalf of plaintiff, tending to show generally what would be the proper and reasonable cost of keeping the plumbing in repair for one year are properly excluded where they do not call for any fact relating to the actual cost of the repairs, nor for an opinion as to how much it was reasonably worth to make them as they were made or to make such as were necessary, and so far as it appeared the witness did not know the nature or extent of the repairs nor how much labor and material were necessary to make them.

2. SAME — CONTRACTOR MAY NOT SHOW THAT MATERIALS USED IN CONSTRUCTION ARE PREFERABLE TO THOSE REQUIRED BY CONTRACT. Where the contract stipulated that drain pipes and sewer pipes should be of iron and of certain diameters, and the contractor substituted drain pipes of a smaller diameter and sewer pipes of earthen ware instead of iron, expert evidence tending to show that the pipes used were preferable to those required by the contract is properly excluded.

*Schultze* v. *Goodstein*, 82 App. Div. 316, reversed.

(Argued December 15, 1904; decided January 17, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 5, 1903, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellant. It does not appear in the order of the Appellate Division reversing the judgment of the trial court and granting a new trial that such reversal was upon the facts, and, therefore, it must be presumed that the reversal was for some error of law only. (Code Civ. Pro. § 1338; *Whitman* v. *Foley,* 125 N. Y. 651; *Hannigan* v. *Allen,* 127 N. Y. 639; *Nat. W. P. Co.* v. *Sire,* 163 N. Y. 127; *Weyer* v. *Bach,* 79 N. Y. 409.) The question whether a builder's contract has been substantially and in good faith performed is one of fact. (*Glacius* v. *Black,* 50 N. Y. 145; *Philip* v. *Gallant,* 62 N. Y. 256; *Nolan* v. *Whitney,* 88 N. Y. 648; *M. M. Co.* v. *Stephens,* 127 N. Y. 602; *Miller* v. *Benjamin,* 142 N. Y. 613.) Upon the facts found by the trial court its conclusion of law that plaintiff's complaint should be dismissed was correct. (*Woodward* v. *Fuller,* 80 N. Y. 312; *Miller* v. *Benjamin,* 142 N. Y. 613; *Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Crouch* v. *Gutmann,* 134 N. Y. 45; *D. D. Co.* v. *F. D. Co.,* 162 N. Y. 486; *Spence* v. *Ham,* 27 App. Div. 379; *Ketchum* v. *Harrington,* 45 N. Y. S. R. 58.) No material error was committed in receiving or

rejecting evidence. (*Smith* v. *Brady*, 17 N. Y. 173; *Lewis* v. *Yagel*, 77 Hun, 337; *Smith* v. *Countryman*, 30 N. Y. 655.)

*Saul Bernstein* for plaintiff, respondent. The contract and work were performed substantially and in good faith. (*A. B. & C. Co.* v. *Gerlach*, 8 Misc. Rep. 256; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Valk* v. *McKeige*, 62 Hun, 620; *Murphy* v. *S. & S. Co.*, 82 Hun, 158; *Hall* v. *Long*, 34 Misc. Rep. 1.) The objections and exceptions to the admission of evidence are good and valid and support the judgment of reversal. (*Matter of N. Y., W. S. & B. R. R. Co.*, 3 Hun, 231; *Carr* v. *Breese*, 81 N. Y. 592; *Collier* v. *Collins*, 172 N. Y. 101.)

*Joseph Spencer Menline* for defendant, respondent.

VANN, J. This action was brought by the assignee of a contractor to foreclose a mechanic's lien filed by him, and the main issues raised by the answer of the owner were that the contractor failed to perform his contract for the plumbing work and materials in a block of five dwellings, and that he procured the certificate of the architect required thereby through misrepresentation and fraud. A counterclaim was also set forth for the expense of necessary repairs made by the owner. The defendant Deng, as the assignee of a subcontractor who had filed a notice of lien, admitted the allegations of the complaint and sought a foreclosure of his lien through service of his answer upon the owner as well as upon the plaintiff. The contract price for the plumbing was $11,500, but before the action was commenced payments had been made, so that the amount involved was about $1,375.

Upon the trial evidence was given tending to support the claims of the respective parties, so that questions of fact were presented in relation to which reasonable minds might differ. The trial judge decided that the complaint should be dismissed and in giving his reasons for this decision, which was in the short form as permitted by the practice then prevailing, he found in substance that the contractor failed to perform his

contract in that he furnished earthen sewer pipes, flush pipes of " E " thickness and waste pipes one and one-half inches in diameter, instead of iron sewer pipes, flush pipes of ":D" thickness and waste pipes two inches in diameter as required by the contract. He found that these deviations " were not caused by inadvertent or unintentional omission of the said contractor " and that he was " guilty of a wilful and intentional departure from his contract," in the particulars mentioned, without the authority of the owner or architect. He further found that the notice of claim filed by the contractor under the Mechanics' Lien Law was " false and untrue," to his knowledge, " in the three respects hereinbefore specified." No finding was made or conclusion announced in relation to the counterclaim. The judgment entered upon this decision was reversed by the Appellate Division, two of the justices dissenting, and a new trial was ordered. From the order of reversal, which did not disturb the facts found by the trial judge, the owner appealed to this court.

As the order appealed from does not state that the judgment was reversed upon a question of fact, we are required to presume that the reversal was based upon questions of law only. (Code Civ. Pro. § 1338.) If the record discloses a reversible error of law, the action of the Appellate Division must be sustained, otherwise it is our duty to reverse their order and reinstate the judgment of the trial court.

No essential fact was found without evidence to support it and the facts found sustain the judgment rendered. ( *Van Clief* v. *Van Vechten,* 130 N. Y. 571, 579 ; *Spence* v. *Ham,* 163 N. Y. 220, 225 ; *Aeschlimann* v. *Presbyterian Hospital,* 165 N. Y. 296.) The only question remaining, therefore, is whether a material error was committed in receiving or rejecting evidence. (*National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505.)

The specifications, which were part of the contract, required the contractor " to warrant all the plumbing and gas-fitting to remain in perfect working order for one year after the completion thereof, during which time he will have to make all

necessary repairs free of charge." The owner introduced evidence tending to show that he was compelled at various times during the first year to expend over $300 for temporary repairs to the plumbing, after due notice to the contractor, who neglected to remedy the defects. The following questions were asked of the contractor, when called as a witness for the plaintiff, each of which was excluded on the objection of the owner that it was immaterial and incompetent, and an exception was taken : " What would be the true and reasonable value to keep the plumbing in such a house in good repair for one year? What would be the proper cost to keep in repair the plumbing work which was done by you in those 62nd Street houses for one year after completion by you? What is the true cost to keep all the plumbing and gas fixtures put in by you in these houses in perfect working order for one year after they were completed by you?"

These questions were unfortunate in form and defective in substance. They did not call for any fact relating to the actual cost of the repairs, nor for an opinion as to how much it was reasonably worth to make them as they were made, or to make such as were necessary. No safe opinion could be given upon the subject by the most skillful and intelligent expert, unless the defects were described or in some way included in the question. The expense of making the repairs depended upon what they were and what there was to be done, which was not submitted to the witness. So far as appeared he did not know their nature or extent, nor how much labor and material were necessary to make them. He had seen the houses but once after they were completed and that was very early in the year to which the covenant to repair related. The actual cost was a fact and the reasonable expense was a fact, and evidence bearing upon either of these facts could not be met by an opinion as to what the fact should be, without anything to base it on. The expense necessarily depended upon the condition of the plumbing and the defects which appeared as time passed. It would be less if the materials and workmanship were good when the plumb-

ing was first put in than if they were bad.   There might be few defects or many, depending on circumstances, and an opinion as to what the expense would be or should be without describing what was needed was abstract and incompetent. (*Smith* v. *Brady*, 17 N. Y. 173, 177.)

An expert plumber called by the plaintiff was asked the following questions, which were excluded as incompetent upon the objection of the owner: " In your estimation is a pipe of the diameter of one and one-half inches preferable under laundry tubs to one of two inches, where the drain is two inches in diameter ?   Do you know of any case where earthen sewer pipes would be preferred over sewer pipes made of iron ? "  By these questions the plaintiff sought to show that the materials used by the contractor would answer the purpose as well as those called for by the contract, although they were of a different kind and cost less.   A contractor may not deliberately violate his contract by the use of earthen construction instead of iron and small pipes instead of large ones, and yet claim that he has done as he agreed because the result is just as good.   Unless the owner had the right to contract for what he wanted and to get what he contracted for, there was no use in making a contract.   A building contract, like any other, is to be fairly performed according to its terms, and any substantial change, unless authorized by the owner or architect, is made at the risk of the contractor.   In order to avoid injustice the law tolerates unsubstantial deviations made in good faith, but it exacts full compensation therefor and permits a recovery on the theory of substantial performance, only after the proper deductions have been made. The contractor had no right to substitute his own judgment for the stipulations of the contract, or to recover on the basis of complete performance, when, as the court found, he willfully and intentionally used inferior and less expensive materials in the place of those agreed upon.   When the owner stipulated for iron pipe he had the right to iron pipe, regardless of whether some other kind, according to the opinion of the contractor or of experts, would do as well.   He agreed to

pay upon the condition that iron pipe was used, and he is not obliged to pay unless that condition is performed. We think that the rulings under discussion present no error. (*Spence v. Ham,* 163 N. Y. 220; *Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Glacius* v. *Black,* 50 N. Y. 145; *Smith* v. *Brady,* 17 N. Y. 173.)

No other rulings require the expression of consideration and no others were considered by the learned Appellate Division in its opinion. There was no error to justify the reversal, and we are, therefore, compelled to reverse the order appealed from and affirm the judgment of the trial court, with costs in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Order reversed, etc.