## FOX v. FOX.

(Supreme Court, Appellate Term.　June 21, 1912.)

CONTRACTS (§ 232*)—NONPERFORMANCE—BUILDING CONTRACTS—EXTRAS.

Where a builder did not perform the original contract, he cannot recover as apart from the contract for so-called extra work, which was merely a modification of the original plan of work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1097; Dec. Dig. § 232.*]

Appeal from City Court of New York, Trial Term.

Action by Sigmund Fox against Henry E. Fox.　From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals.　Reversed and remanded.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Blandy, Mooney & Shipman, of New York City (Frederick A. Card and Laurence A. Sullivan, both of New York City, of counsel), for appellant.

Max Shlivek, of New York City, for respondent.

BIJUR, J.　The action was brought to recover an alleged balance due under a building contract and for extra work.　Only one cause of action is stated, and the point involved in the appeal is illustrated in the question asked of the court by the jury during its deliberation, "As a matter of law, can we consider the original contract and the alteration work separately?" to which the court answered, "Yes." The jury returned a verdict for $260, and the court, in denying the motion to set it aside, remarked:　"The verdict is allowed simply as to the extra work.　It is evident that the jury has simply given a verdict for the extra work."　To the court's answer, as hereinabove reported, the defendant duly excepted.

The provision regarding so-called extra work was contained in the contract in the form usual in the uniform building contract commonly employed in this city, and is similar to the one construed in the case relied on by the plaintiff respondent, namely, Garnsey v. Rhodes, 18 N. Y. Supp. 484 (s. c., but without opinion, 63 Hun, 532), affirmed 138 N. Y. 461, 34 N. E. 199.　In that case what was held, however, was merely that the work therein shown to have been done as "extra work" came within the description of an "alteration, deviation, addition, or omission" from the contract, and was, therefore, performed under the contract, and that the purpose of the clause quoted was to prevent the claim that the doing of such work should adversely affect or nullify the contract in any of its provisions.　It is true that the General Term added:

"There is undoubtedly some relation between the extra work and the work contemplated by the contract, because, if the work upon the contract should be done in so poor and negligent a manner as to render the extra work valueless, then, although it was not included in the contract, the builder could not recover.　*But, unless some such condition of affairs as has been sug-*

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gested *is shown to exist*, the builder is entitled to recover the full value of his extra work, although, perhaps he may not have completed his contract in accordance with its requirements.    Woodward v. Fuller, 80 N. Y. 312."

The reference to the Woodward Case in 80 N. Y. 312, is significant. There the contractor contracted separately to build a piazza, which was palpably a piece of additional work under a separate agreement. The only point in the Woodward Case which bears on the Garnsey Case is the holding of the court that the judgment for the price of the piazza can be upheld in any event as for extra work, the court saying (at page 315):

"*These were distinct from the principal contract*, and the performance of the plaintiff was complete *therein*."

It does not appear in the Woodward Case that the principal contract contained a provision similar to the one involved in the Garnsey Case or in the case at bar.    Moreover, it must be noted that the language underlined by me, from the Garnsey Case, constituting the chief reliance of the respondent herein, was quite obiter to the decision of the case itself, and that the affirming opinion in the Court of Appeals contains (138 N. Y. 467, 34 N. E. 200) the following significant sentence:

"Inasmuch as the order (namely, the order of the General Term reversing the judgment in favor of defendant and granting a new trial) must for these reasons be affirmed, *the right of the plaintiff to recover for extra work need not be considered.*"

The real question, therefore, raised by the present appeal, is whether the so-called extra work was, either in character or in the way it was contracted for, so clearly distinguishable from the general work called for by the contract, or so plainly covered by a separate agreement, as to be no part of the work covered by the original agreement. The original contract was for the alteration of a house.    The so-called extra work was merely a modification of the original general plan of work, and involved changes in matters covered by the specifications in the original plan.

It was well-nigh conceded on the trial that the plaintiff had not performed what may be called the original contract.    During the course of the trial two of the jurors, who were building contractors, were permitted, by consent, to view the premises.    The proceedings at the trial as a whole indicate the assumption, apparently there indulged in, that the plaintiff could not recover as upon performance of his original contract.    The instruction, therefore, that he might recover for the extra work as upon a separate contract, was a material error, and the verdict for the value of the extra work unwarranted.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.