Findings may be submitted.

(82 Misc. Rep. 394.)

## FOX v. FOX.

(Supreme Court, Appellate Term, First Department. October 23, 1913.)

APPEAL AND ERROR (§ 565*)—PROCEEDINGS FOR TRANSFER OF CAUSE—TIME TO
TAKE PROCEEDINGS—RELIEF IN CASE OF FAILURE TO PROCEED IN TIME.

Where defendant was delayed in making his case on appeal by the failure of the stenographer to furnish a copy of the minutes of the trial, and also by negotiations for a settlement, a motion to declare the appeal abandoned for failure to make and serve the case in time should not be sustained, though defendant failed to ask for an extension of time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2507–2510; Dec. Dig. § 565.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Sigmund Fox against Henry E. Fox. From four orders entered against him, the defendant appeals. Reversed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Blandy, Mooney & Shipman, of New York City (Charles Blandy and Laurence A. Sullivan, both of New York City, of counsel), for appellant.

Max Shlivek, of New York City, for respondent.

SEABURY, J. This is an appeal from four orders of the Special Term of the City Court. The first order declares the defendant's appeal to this court from a judgment rendered against him abandoned. The second order denies defendant's motion to open his default in failing to make and file his case as required by law. The third order denies the defendant's motion to vacate the execution issued upon the judgment. The fourth order denies defendant's motion to vacate the order for his examination in aid of execution.

If the first order was improperly made, it follows that the other orders should be reversed. This action was brought to recover a balance claimed to be due under a building contract. Upon the first trial the plaintiff recovered a judgment, which was reversed by this court. 77 Misc. Rep. 100, 135 N. Y. Supp. 1073. Upon the second trial the plaintiff again recovered a judgment. The time of the appellant to make and serve a case on appeal expired, and the plaintiff moved to declare the appeal abandoned. It appears that the appellant was delayed in making a case by reason of the failure of the stenographer to furnish a copy of the minutes of the trial, and that the preparation of the case on appeal was further delayed by negotiations between the attorneys for a settlement which were not consummated. Under these circumstances, we think that the defendant should have been relieved from his default. The learned court below denied the motion to open the default on the ground that the defendant had failed to have his time to serve and file his case extended, not on the ground that the defendant had not excused his failure so to do. The fact that the defendant was in default, of itself, furnished no ground for refusing to relieve him from his default. We think that the interests of justice require that the order appealed from should be reversed, that the defendant should have an opportunity to present his appeal to this court. Under the circumstances, no costs will be allowed to either party.

The order declaring the appeal abandoned is therefore reversed.

It follows, from the reversal of this order, that the order denying defendant's motion to open his default should be reversed, and that motion granted, allowing the defendant an extension of 10 days' time.

The order denying the motion to vacate the execution should be reversed, and the motion to vacate the execution is granted.

The order denying defendant's motion to vacate the order for his examination in aid of execution is reversed, and the motion to vacate said order is granted.

In lieu of granting costs as a condition for opening the defendant's default, the respondent will be allowed his disbursements upon these appeals. All concur.