## FOX v. FOX.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

CONTRACTS (§ 322*)—PERFORMANCE—SUBSTANTIAL PERFORMANCE.

Where a contract for alterations in a building, according to plans, provided that alterations in, additions to, or deviations or omissions from, the work contracted for might be made during its progress without annulling or invalidating the contract, and changes were made under such provision, proof that plaintiff did the work in the changed form amounted to proof of performance of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1536; Dec. Dig. § 322.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Sigmund Fox against Henry E. Fox. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

See, also, 82 Misc. Rep. 394, 143 N. Y. Supp. 714.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Blandy, Mooney & Shipman, of New York City (Lawrence A. Sullivan, of New York City, of counsel), for appellant.

Max Shlivek, of New York City (Benj. Grossmann, of New York City, of counsel), for respondent.

BIJUR, J. This action is brought to recover the contract price for the making of certain alterations on defendant's premises, and for the reasonable value of certain so-called extra work.

Although a number of times there was some discussion between counsel, or colloquy with the court, concerning the difference between strict performance, on which plaintiff claims to have based his action, and substantial performance, and although there appears here and there in the record some apparently trifling items for which it is *possible* that an allowance should have been made to the defendant on the doctrine of substantial performance, that distinction, as analyzed in Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238, was clearly presented to the jury, and the issue decided in favor of plaintiff.

Appellant really urges that the verdict is against the weight of evidence in that the evidence shows that plaintiff has failed to perform his contract in substantial particulars, and that for such failure to perform as defined in East Hampton Lumber & Coal Co. v. Worthington, 186 N. Y. 407, 412, 79 N. E. 323, the complaint should have been dismissed. An examination of the record, however, convinces me that the claim is unfounded. It depends largely upon the jury's belief in respect of evidence that is directly contradictory, offered on behalf of both sides respectively, and on the interpretation of the plans and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

specifications and the method in which the work was carried out by the plaintiff in attempted compliance therewith.

Appellant's other contention is that plaintiff, without pleading it, was allowed to prove a waiver of the performance of certain particulars of his contract. There are one or two unimportant items of the evidence which might be so construed, but that evidence was perfectly relevant, material, and competent to show defendant's satisfaction with the work from time to time, thereby conforming the plaintiff's proof of performance, and the court distinctly charged that no waiver was claimed.

A careful review of the record convinces me that defendant's counsel had overlooked a clause in the contract which expressly provided that "alterations in, additions to, or deviation or omission from, the work contracted for" might be made during its progress without annulling or invalidating the contract, and that plaintiff's testimony occasionally merely proved such alterations as required by the defendant or his architect, entirely within the terms of the agreement. When this clause of the contract was called to the attention of defendant's counsel, he asked leave to withdraw a juror on the ground of surprise, which motion was properly denied. This is not a case like Schultze v. Goodstein, 180 N. Y. 251, 73 N. E. 21, wherein the contract itself was departed from, but one in which the contract expressly provided for occasional alterations and deviations; and when the same were made, they were made in pursuance of the contract. When the plaintiff had proved that he did the work in its changed form, he proved compliance with his contract.

I think that this is a case in which interest was properly allowed.

I find no error in the record, and I am for affirmance of the judgment with costs to respondent.

PAGE, J., concurs.

LEHMAN, J. (dissenting). The plaintiff entered into an agreement to do certain alterations on the defendant's premises for $4,000, and now sues for the amount unpaid on the contract, and for the reasonable value of extra work. The contract provided that the plaintiff should perform the work in conformity with the drawings and specifications. The contract further provided that:

"The party of the second part [the defendant] may require to be made at any time during the progress of the work above mentioned, any alterations in, additions to, or deviation or omission from, the work hereby contracted for, without annulling or invalidating the contract."

The extra work which plaintiff claims he performed constituted "an addition to and a deviation or omission from the work" within the meaning of the contract, and upon a previous appeal in this case, this court held that no recovery could be had for the extra work, where the plaintiff failed to perform what might be called the original contract.

On the first trial it was well-nigh conceded that the plaintiff had not performed that work. See Fox v. Fox, 77 Misc. Rep. 101, 135 N. Y.

Supp. 1073. Upon the second trial the plaintiff showed that he had not fully performed the work according to the specifications and drawing, but had in various matters deviated and made omissions from them. He did present evidence, however, that these omissions were either affirmatively assented to by the architect, or that after the deviation or omission, the architect had given certificates for part payment, from which his consent might be implied. When this testimony was offered, the defendant objected to it on the ground that the plaintiff pleaded actual performance, and was bound to prove actual performance, and not substantial performance and waiver. At the close of both the plaintiff's case and the defendant's case, the defendant moved to dismiss the case on the same ground.

There is no doubt that ordinarily the plaintiff, under a complaint alleging performance, must prove strict performance, and that proof of a waiver of strict performance is immaterial under such pleadings. The plaintiff recognized this rule, but claimed at the trial, and now urges, that he proved strict compliance with the contract, on the ground that the deviations and omissions made by the consent of the architect became a part of the contract under the clause permitting the defendant to require deviations and omissions precisely as the extra work performed under that clause became a part of the contract. In my opinion this construction of the contract is not authorized. Its express purpose was limited to giving *the defendant the right to require* alterations or deviations in the contract without annulling or invalidating it, and it is combined with a clause stating the manner of fixing the compensation or allowance by the contractor *for such deviation or alteration.* Its evident purpose was to safeguard the owner from being accused of a breach of contract if he required changes in the work during construction.

It need not now be decided whether the plaintiff would be entitled to claim strict performance of the contract if the defendant had required the deviations or omissions now complained of, for in this case the evidence shows that he never required these omissions other than those necessitated by the extra work. As to the remainder of the omissions, the plaintiff's own evidence shows that at most the defendant consented to some, and did not object to others. Since the defendant did not require the omissions from the specifications and drawings, the performance of the work according to the specifications remained a part of plaintiff's contract, and a condition precedent under the contract to any recovery, and the defendant's consent was at most a waiver of this condition. Since the waiver was not pleaded, the plaintiff had no right to prove such waiver in this action.

It follows that the judgment should be reversed, with costs to the appellant, and the complaint dismissed.