Leslie Witherell, Respondent, v. Bernard Lasky et al., Appellants.

Fourth Department, November 2, 1955.

*Harry B. Hunter* for appellants.

*Will Mountain* for respondent.

WHEELER, J.   On August 6, 1953, the respondent and appellant Bernard Lasky executed a written contract for the construction of a home by the respondent for Mr. Lasky.   The instrument executed by these parties contemplated a buyer's construction loan guaranteed by the Veterans' Administration, whose form entitled " Description of Materials ", detailing all the materials to be used in the construction, had been signed by these parties July 28, 1953.   The respondent contractor agreed to construct a house which would meet the standards of the Veterans' Administration.   The purchase price of $14,600, which Mr. Lasky agreed to pay, was due in installments, a final payment of 50% or $7,300 being due after approval by Veterans' Administration inspectors.   Further, the contract provided:   " Before final payment, the Contractor shall submit evidence satisfactory to the Owner that all payrolls, material bills and other indebtedness connected with the work have been paid."

Upon inspection after the alleged completion of the contract on the part of the respondent, the Veterans' Administration has withheld approval of the construction.   The final " Compliance Inspection Report " prepared and submitted by the inspector rejects the construction because of noncompliance with the plans and specifications, listing thirty-nine specific items of defect or omission.   The appellants refused payment of the final installment, and the respondent brought this action to recover from them the balance due upon his contract.

The two provisions prerequisite to final payment are coupled in the contract as sections of the same subdivision of paragraph nine.   The trial court, in charging the jury, treated the contract clause requiring the certificate of approval as a condition precedent to the plaintiff-respondent's right to the moneys allegedly due him — a condition with which he must have proved compliance unless he had offered a legally sufficient excuse for noncompliance, i.e., the unreasonableness or bad faith involved in the failure to approve the construction.   So, too, in regard to the clause relative to proof of payment of indebtedness connected with the work, the court held that this clause was also a condition precedent.   However, motions made by the appellants

to dismiss the complaint for failure to prove the latter condition precedent were denied by the trial court upon the ground of failure of proof that the appellants had made any demand upon the respondent builder to furnish the evidence required by that provision of the contract.

The jury's verdict in favor of the respondent indicates a finding that the refusal of the Veterans' Administration to approve the construction was unreasonable or in bad faith, thereby excusing the respondent contractor from his admitted failure to comply with that particular condition precedent to his right to final payment. In passing, it might be noted that we feel the verdict in this respect is against the weight of the evidence, and that a new trial would be in order were it not for a more serious error of law.

As regards the other requirement upon which final payment was conditioned, there is no question of proof. The respondent himself testified not only that he had not complied with that condition, but that he *could not* do so because the payrolls and material bills were actually not all paid. It appears that the plaintiff still owes Mr. Simon, his helper, over $1,200, and his lumber supplier some $2,200, although nothing in the record indicates this list to be exclusive. No excuses were offered for respondent's failure to comply with the provision requiring evidence of payment of all indebtedness connected with the work, and there is neither evidence of the slightest attempt to effect compliance or of a waiver of the condition by the appellants.

We agree with the trial court that the contract provision quoted above is an express condition precedent. It would, in fact, be difficult to find a much clearer expression of the effect of the requirement that performance thereof by the respondent was a prerequisite to final payment. It is not simply the specification of a certain brand of material with which the court was concerned in *Jacob & Youngs* v. *Kent* (230 N. Y. 239); the provision in the subject contract, as does the requirement of the Veterans' Administration approval, goes to the very essence of the contract. The whole purpose of the instrument would be defeated by relieving the plaintiff of the necessity of performance of the conditions which he has agreed to meet. The parties having contemplated a guarantee by a third party to enable the owners to finance the construction, the protection of the owners. the mortgagee and the guarantor, demands the conditions precedent to payment. It is unnecessary to dwell at length on the possibly dire effect upon the purchaser's finances if he paid

the contractor without insisting that the potential lienors are satisfied. The protection afforded mechanics and materialmen by the Lien Law makes necessary the commensurate protection to the purchaser provided by the contract.

Having reached the conclusion that the subject provision of the contract was a condition precedent, we find it was error to excuse noncompliance by the respondent contractor upon the ground that the appellant purchasers had made no demand for the evidence required to be submitted by the builder. It is elementary that " Where an agreement is absolute and unconditional the general rule is that no demand for performance is necessary before action may be brought thereon." (17 C. J. S., Contracts, § 478.) To read into the contract a requirement that the party for whose benefit the condition was inserted must make a demand for the performance thereof is but another way of stating that the clause is not a condition precedent, but a mere promise, the nonperformance of which would not produce such a drastic result upon the rights of the party failing to perform.

Although we recognize the harsh results which may be occasioned by a failure to perform a condition precedent are often softened by the doctrine of substantial performance (*Jacob & Youngs* v. *Kent, supra; Spence* v. *Ham,* 163 N. Y. 220; *Van Clief* v. *Van Vechten,* 130 N. Y. 571), we cannot, on the other hand, excuse a complete failure to perform without either a valid reason for noncompliance or even an attempt to perform, the prerequisite considered by the parties sufficiently substantial to make it a condition precedent to payment. (*Schultze* v. *Goodstein,* 180 N. Y. 248; *Smith* v. *Brady,* 17 N. Y. 173.) Substantial performance might make compliance with an express condition unnecessary, but only when the departure from full performance is an inconsiderable trifle having no pecuniary importance. (3 Williston on Contracts [Rev. ed.], § 805.) The *Jacob & Youngs* v. *Kent* decision (*supra*) might be said to come in this class, as would *Nolan* v. *Whitney* (88 N. Y. 648), *Woodward* v. *Fuller* (80 N. Y. 312) and *Spence* v. *Ham* (*supra*). But this rule cannot apply where there is not only a lack of even partial performance or an attempt to perform, but an impossibility of performance brought on by the promisor himself.

The failure of the respondent contractor to comply with the condition regarding submission of evidence of payment of potential lienors, together with his admission, untempered by any valid excuse, that he could not comply with such condition, leaves us no choice but to find that appellants' motion to dismiss

the complaint should have been granted. The judgment should be reversed and the complaint dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.