■ JONATHAN HOLDEEN, Appellant, v. CHARLES R. RINALDO et al., Respondents.— Appeal from an order granting summary judgment dismissing the complaint and severing defendant Rinaldo's counterclaims, and from the judgment entered on said order, in an action brought to require the defendant Colozzi, as escrow agent, to deliver to plaintiff certain shares of stock of a corporation. The complaint alleges an agreement whereby defendant Rinaldo sold to plaintiff the shares in question for $12,848.97 and whereby it was further provided that plaintiff must, within one month, cause loans to be made to the corporation to the amount of $87,151, provided the loans be secured as provided in the agreement. Plaintiff paid the stipulated price for the stock. He alleges that within the stipulated time he loaned to the corporation $30,000 of the amounts stipulated to be loaned and within that time was ready, willing and able to lend the remaining $57,151 and that, when he was unable to locate an officer of the corporation, he tendered checks for that amount to the escrow agent. The fact of the tender is unimportant to this decision as defendant Rinaldo asserts that it would have been refused had it been made, because of an alleged prior breach of the agreement by plaintiff in that, of the $30,000 alleged by plaintiff to have been loaned, $3,000 was represented by a check which was refused payment by reason of insufficient funds, following which the plaintiff, according to Rinaldo, said that no further loans would be made. The remaining

$27,000 loaned has been repaid to plaintiff but the price of the stock has not. Narrowing the issue to the alleged nonpayment of the $3,000 check, Special Term held that plaintiff's categorical denials were insufficient and thereupon granted summary judgment. The categorical denial of a statement of the nature of that attributed to plaintiff would ordinarily seem adequate but there exists, in any event, the question whether, if the check was indeed refused payment, defendant Rinaldo had a right, at that time and before the expiration of the stipulated period within which the loans were to be made, to treat the contract as breached. Thus, plaintiff argues, the anticipatory breach was not his but was by defendant. The legal issue thus presented can be determined only upon proof of the facts. Further, assuming *arguendo,* and without proof of the circumstances, that the provisions respecting loans may have been conditions precedent, it does not necessarily follow that less than full performance would result in complete forfeiture under the contract. Some conditions, "though dependent and thus conditions when there is departure in point of substance, will be viewed as independent and collateral when the departure is insignificant [citations]. Considerations partly of justice and partly of presumable intention are to tell us whether this or that promise shall be placed in one class or in another." (*Jacob & Youngs* v. *Kent,* 230 N. Y. 239, 242, per CARDOZO, J.; *Witherell* v. *Lasky,* 286 App. Div. 533.) Assuming, as we must, upon the proof before us, that plaintiff produced at least $97,000 of approximately $100,000 to be paid and loaned under the contract, we cannot at this juncture hold as a matter of law that there was not substantial performance and that failure or delay in producing $3,000 worked a forfeiture of all of plaintiff's rights. Judgment and order reversed, on the law and the facts, and motion denied, with $10 costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.