Lawrence Newmark, J.
This is a small claims action for breach of warranty.
Plaintiff commenced this action to recover $75 for breach of an express used car warranty. Paragraph 3 of the warranty provides as follows: "For the warranty to remain in effect, the registered owner must have the engine oil and oil filter changed at his expense each 4,000 miles or 4 months, whichever occurs first, and the fact of such change verified at an authorized station on the forms provided in this booklet with a copy to be retained by the owner.” The plaintiff had the necessary service performed at an authorized dealer pursuant to paragraph 3 of the warranty but did not have the forms provided in the booklet verified. At the trial the plaintiff introduced into evidence copies of the repair orders from an authorized dealer in support of his contention that the necessary service was performed.
The question before the court is whether the plaintiff should be denied recovery because he did not have the proper forms verified.
The service requirements and verifications were conditions precedent to be performed by the plaintiff. As a general principle of law conditions agreed to by a party to a contract must be performed unless the performance thereof is waived or excused. (Noble v Higgins, 214 App Div 135, affd 243 NY 538; Witherell v Lasky, 286 App Div 533; 10 NY Jur, Contracts, §§ 298, 351.) In regard to conditions precedent the courts have recognized that failure to perform a condition may be excused where there has been substantial performance. (Witherell v Lasky, supra.) In Witherell the court stated *192 (p 536): "Although we recognize the harsh results which may be occasioned by a failure to perform a condition precedent are often softened by the doctrine of substantial performance (Jacob & Youngs v Kent, supra; Spence v Ham, 163 NY 220; Van Clief v Van Vechten, 130 NY 571), we cannot, on the other hand, excuse a complete failure to perform without either a valid reason for noncompliance or even an attempt to perform, the prerequisite considered by the parties sufficiently substantial to make it a condition, precedent to payment. (Schultze v Goodstein, 180 N. Y. 248; Smith v Brady, 17 N. Y. 173.) Substantial performance might make compliance with an express condition unnecessary, but only when the departure from full performance is an inconsiderable trifle having no pecuniary importance. (3 Williston on Contracts [Rev. ed.], § 805.)”
In Witherell the court denied recovery of the final payment under a building contract where the contractor failed to perform a condition precedent. The contract expressly provided that "Before Payment, the Contractor shall submit evidence satisfactorily to the Owner that all payrolls, material bills and other indebtedness connected with the work have been paid.” The rationale for the court’s conclusion was that the contractor not only failed to submit evidence of payment of all the indebtedness but in fact had not actually paid all of the material bills. It appears that the court in Witherell would have allowed the contractor to recover on the grounds of substantial performance if the contractor had in fact performed the underlying obligation of paying the bills and had only failed to submit the necessary proof of payment.
Applying the rationale of the Witherell decision to the present facts the plaintiff should be entitled to recover under the theory of substantial performance even though he did not have the specific forms verified by an authorized dealer. The clear purport of paragraph 3 of the warranty is that the plaintiff properly maintain the engine of his vehicle. The plaintiff has submitted the repair orders to establish that the required service was performed. The plaintiff has performed his underlying obligation and the mere fact that he is able to show that the proper service was performed by copies of the repair orders in lieu of the specified forms is immaterial. The plaintiff’s right to recover should not be denied for failure to comply with this mere technicality having no pecuniary im *193 portance. The repair orders submitted establish that the proper service was performed.
If the repair orders were submitted to an authorized station for verification of the plaintiffs booklet the plaintiff would be entitled to have the booklet verified. A refusal to verify the booklets would be unreasonable and would constitute a waiver of the condition precedent.
Having resolved the defendant’s technical defenses the court must consider whether the plaintiff has proven his case by a preponderance of the credible evidence. The evidence indicated that when the plaintiffs auto was serviced on or about October 24, 1975 the torque converter seal was found to be leaking. This situation was not corrected at that time due to negligence on the part of either the plaintiff or the dealer who serviced the car. Clearly, the damage to the torque converter resulted from the continued leakage from the seal requiring the work which was done on November 4, 1975. Since the warranty places the burden on the owner to maintain the necessary fluid levels the defendant cannot be held responsible for the ensuing damage.
The court finds for the defendant after trial.