■ OPPENHEIMER & CO., INC., Appellant-Respondent, v OPPENHEIM, APPEL, DIXON & Co., Respondent-Appellant. [613 NYS2d 622] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered April 13, 1993, which, after a jury verdict partially in favor of plaintiff, granted the motion of defendant to dismiss the complaint in its entirety, denied as moot plaintiff's motion for pre-judgment interest, and awarded defendant $2340 in costs, unanimously reversed, on the law and the facts, the jury verdict, which found substantial performance by plaintiff and awarded plain-

tiff damages of $1.2 million is reinstated, and plaintiff's motion for pre-judgment interest granted, with costs awarded to plaintiff. The Clerk is directed to enter judgment in favor of plaintiff accordingly.

In December 1986 the parties entered into a letter agreement with respect to the subleasing to defendant, upon the satisfaction by plaintiff of certain conditions, of specified office space leased by plaintiff. The proposed sublease would be executed when those conditions, including the delivery to defendant by December 30, 1986, of the prime landlord's written confirmation that defendant would be a subtenant reasonably acceptable to the prime landlord, the delivery to plaintiff by defendant, by January 2, 1987, of its plans for tenant work, and the delivery by January 30, 1987, of the prime landlord's consent to such work. If the conditions were not met, the sublease would be "deemed null and void."

The times for fulfillment of the conditions were twice extended, though defendant's agreements to the extensions were received after the deadlines. The written confirmation of the prime landlord's approval of defendant as a tenant was delivered six days before its deadline. Plans for tenant work were also changed by defendant after its deadline. Plaintiff and the landlord reached agreement on everything one day before the extended deadline (at a cost to plaintiff of $1,000,000). Defendant's attorney was notified on that day and, as with prior deadlines, told the landlord's attorney that he would get back to him. Defendant, who had been negotiating for space elsewhere, however, got back to plaintiff only after the passing of the deadline, when it told plaintiff that the deadline had not been extended and the deal was off.

Special interrogatories were given to the jury, on one of which the jury found that plaintiff had substantially performed its obligations. It awarded plaintiff damages of $1.2 million on that finding. The trial court, however, ruled that the doctrine of substantial performance did not apply here and dismissed the complaint.

Parties may indeed stipulate in a contract "to effectuate a purpose that performance of every term shall be a condition of recovery" (Jacob & Youngs v Kent, 230 NY 239, 243). In the absence of such specific conditioning of recovery "[t]here will be no assumption of a purpose to visit venial faults with oppressive retribution" (supra, at 242). Here, however, the delivery of the landlord's written consent to the acceptability of defendant as a tenant and to certain work in the premises

to be subleased was a condition of the contract. Nevertheless, that does not close the question of substantial performance. The use of language creating conditions to recovery does not foreclose de minimis considerations. "Nowhere would a departure from full performance of a condition be regarded as important if the departure were an inconsiderable trifle having no pecuniary importance" (5 Williston, Contracts § 805, at 839-840 [3d ed 1961]; *see, Witherell v Lasky,* 286 App Div 533, 536). Where the primary purpose of a contract is fulfilled and any breaches are trivial in nature when contrasted with the substantial performance of a plaintiff who has continually proceeded with the utmost good faith, the defendant is not excused from its obligations under the contract *(Anderson Clayton & Co. v Alanthus Corp.,* 91 AD2d 985). As in *Jacobs & Youngs v Kent (supra,* at 241), the failure here was "insignificant in its relation to the project". Here both parties knew that the necessary consents had been obtained within the extended contractual time. The failure to deliver written consents was inconsequential. More than that, it transpired that defendant was negotiating for other space with another landlord, and its failure to agree to a further extension of time as it had twice before could well have been taken as the creation of an excuse to avoid liability under its letter contract with plaintiff. The de minimis element here makes the reasoning of Judge Cardozo in *Jacob & Youngs* pertinent, even though the performance there was not stated in the contract as a condition of recovery: "We must weigh the purpose to be served, the desire to be gratified, the excuse for deviation from the letter, the cruelty of enforced adherence" *(supra,* at 243).

Nevertheless, and in spite of the fact that his predecessor had three times sustained the "substantial performance" theory as legally sufficient, the trial court ruled that "as a matter of law" the doctrine of substantial performance had no application where there was no ambiguity in setting the deadlines in the letter agreement. There is, however, no requirement that there be ambiguity in the contract to justify the application of the substantial performance doctrine. In *Jacob & Youngs* it could not have been clearer that pipe of " 'Reading manufacture' " was to be used in the building *(supra,* at 240), and in *High Fashions Hair Cutters v Commercial Union Ins. Co.* (145 AD2d 465, 466) the Court observed that "[a] technical failure or immaterial omission will not furnish the insurer with a valid basis for voiding its obligations" without any reference to ambiguity in the insurance contract. Rather, it seems, the issue is more likely to be raised where the contract is clear and some discrete provision thereof has not been met.

Defendant contends that it is legally impossible to substantially perform a material deadline in a negotiated agreement. To support such contention, however, it cites only cases stating the general rules that contract provisions specifying dates for performance must be strictly enforced in an action at law and that time is of the essence in such contracts unless the circumstances affirmatively indicate a contrary intent. If it were legally impossible to substantially perform a contract with a material deadline, the Court could have disposed of the plaintiff's claims in *Ting v Dean* (156 AD2d 358), like this a case involving a missed deadline, on that basis instead of finding that the plaintiff there had failed to show substantial compliance with the deadline's underlying purpose.

The issue of substantial compliance was properly submitted to the jury *(see, Jacob & Youngs v Kent, supra,* at 243; *High Fashions Hair Cutters v Commercial Union Ins. Co., supra,* at 466). No valid basis has been shown for the dismissal of the complaint subsequent to the verdict. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.