GEORGE A. NOBLE, Respondent, v. WILLIAM C. HIGGINS and Another, Appellants.

Third Department, September 25, 1925.

Vendor and purchaser — specific performance of option contained in lease — lease granted option to plaintiff to purchase on notice given sixty days before expiration thereof — parties determined to renew lease — new lease drawn after expiration of option was not executed because of differences as to option price — notice served after expiration of option in original lease is not sufficient — plaintiff cannot recover.

A tenant of property cannot enforce an option clause where it appears that the clause in the lease required him to serve notice sixty days prior to the expiration of the lease, that he elected to exercise his option, but that the notice was not served until after the option had expired. The fact that the parties had determined to renew the lease with an option to purchase, and that the renewal, which was drawn after the expiration of the option in the original lease, was not executed by the parties because of their inability to agree upon the option clause, does not give the plaintiff the right to exercise the option under the original lease after the expiration thereof, no fraud having been practiced by the landlord.

COCHRANE, P. J., and McCANN, J., dissent.

APPEAL by the defendants, William C. Higgins and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 10th day of June, 1924, upon the decision of the court rendered after a trial at the Otsego Trial and Special Term.

*James J. Byard, Jr.,* for the appellants.

*George L. Bockes,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff, from March 1, 1919, to March 1, 1924, was in possession of a certain restaurant property, under a lease from the owner, the defendant William C. Higgins. The lease contained the following clause: " The party of the second part [the plaintiff] shall have the privilege of purchasing such block on March 1, 1922, on March 1, 1923, or on March 1, 1924, at and for the sum of sixteen thousand two hundred fifty dollars ($16,250.00). If said party of the second part elects to purchase within said period he shall so notify the party of the first part by at least sixty days' written notice." In December, 1923, the plaintiff and William C. Higgins, the defendant, had several conversations wherein the subject was discussed whether the plaintiff would exercise his option to purchase or again lease the property. It was agreed that the plaintiff should take a new lease for a five-year period. It

was agreed that the rental should be $150 per month rather than $120 as previously. It was also agreed that the lease should contain an option whereby the plaintiff might purchase the premises. It does not appear with certainty whether the price was to be the same as in the option under the old lease or otherwise. The plaintiff testified that it was so agreed. The defendant William C. Higgins testified otherwise. He stated that the plaintiff was to have an option to buy, if Higgins chose to sell, at an equal price with that named in any offer received by Higgins from others. The parties attended before an attorney, named Becker, on or about the 28th day of December, 1923, and asked him to draw up a lease. Higgins handed him a paper stating terms to be incorporated, which read as follows: " Extend lease, also repair permits. Chattel mortgage, bakery permit and lease guarantor for a term of 5 years. Rent to be $150.00 per month after June 1st, 1924, or commencing June 1st, 1924 and thereafter.

" Second party to have privilege of purchase at expiration of any year of lease and always to have first chance of purchase if for any reason property should be sold during time of this lease."

From this memorandum it would appear that the parties had not agreed upon a specific sum to be inserted in the option. Becker asked the parties if it would be satisfactory if he drew the lease after the first of January. The parties stated that it would. Becker drew a lease upon the 2d of January, 1924, and submitted it to the parties. The defendant William C. Higgins refused to sign because the option contained in the new lease named $16,250 as the purchase price. That was the sum named in the old lease. The plaintiff declined to execute a lease which did not so specify. It was then too late, under the terms of the existing lease, for the plaintiff to serve a sixty-day notice that he would purchase the premises. Nevertheless he did notify the defendant William C. Higgins that he would, on March 1, 1924, exercise his option to buy. On that date he made a tender of $16,250, and the defendants declined to convey. This action was thereupon brought for specific performance, and was tried at Special Term without a jury. The court made a decree requiring the defendants to convey to the plaintiff. The court stated the grounds of its decision as follows: " Without deciding or passing upon the question of whether there was good faith in the negotiations that took place between the parties touching the negotiations for the new lease, but considering the matter solely as one of equity, it would seem that there was a substantial compliance with the terms of the option, and that a good and sufficient excuse was offered for the delay in giving the notice."

The trial justice evidently had in mind cases where one party

has agreed to buy, and the other party has agreed to sell, at a certain price and time; where the law implies a condition that performance by the one party is dependent upon concurrent performance by the other party; where the courts, having control over conditions of their own creation, will, if a sufficient excuse appears, treat the condition of strict and timely performance as having been waived, and compel performance by the one party upon present, rather than timely, performance by the other party. The cases cited by the learned justice were all of this nature. The case at bar, however, is of a different type, and the principles relied upon do not apply. In the first place the condition, upon which performance by the defendant was made to depend, was not a condition implied at law but was imposed by the express words of the parties. To require the defendant to perform unconditionally when he promised not otherwise than conditionally is to remake his promise and to exact that which he never agreed to perform. "As a general rule conditions which are either expressed or implied in fact must be exactly fulfilled or no liability can arise on the promise which such conditions qualify." (Willis. Cont. § 675.) In the second place, the terms of the lease, upon which the plaintiff relies, contain no promise on the part of the plaintiff to buy the premises in question. There was, therefore, no promise of the plaintiff, the performance of which could be waived or excused. Consequently the doctrine of waiver can have no application. The true situation is this: The defendants for a consideration made an irrevocable offer to sell to the plaintiff at a price named. That offer was continuing but its continuance was limited to a date ending sixty days prior to March 1, 1924. It could be accepted by the plaintiff on or before January 1, 1924, and not at a later period, by serving a notice upon the defendants that he would purchase. Doubtless, if the plaintiff had served the notice, a bilateral contract of sale would have been made. Mutuality of remedy would then have followed mutuality of obligation and specific performance would have been available to either party. "When an option to purchase land is given and accepted, the acceptance is, in most cases, fairly to be interpreted as the giving of a counter promise, so that the resulting bargain is like any other bilateral contract for the sale and purchase of land." (Professor Ames in 3 Columbia Law Review, 9.) The difficulty here is that plaintiff did not, on or before January 1, 1924, serve a notice accepting the offer of the defendants. Consequently, on January 1, 1924, the offer, according to its specific terms, terminated, and no longer existed to be accepted. "In a contract of option the party giving the option protects himself only by a condition. There is no obligation on the other side to perform. The question

here, therefore, is not one of condition implied in law but of an express condition which must be strictly performed in order to hold the promisor liable. Accordingly, the party entitled to the option must offer performance in accordance with its terms within the time fixed in order to obtain a right to equitable relief." (Willis. Cont. § 853.)

It may well be that if the defendants had, by constraint or by deception temporarily prevented or delayed acceptance by the plaintiff, the contract time for acceptance would have been treated as having been correspondingly extended. " It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure." (Willis. Cont. § 677.) The principle has no application here. The defendants performed no act and made no statement of fact whereby the plaintiff was prevented from making timely acceptance or induced not to serve the required notice. The plaintiff had not, prior to the sixty-day period, formed an intent to accept the option offered. On the contrary, he had made up his mind to lease the premises again rather than to buy them. That the minds of the parties never met on the terms of the lease was not more the fault of the defendants than of the plaintiff himself. Certainly no act or deceit of the defendants prevented or delayed acceptance.

The judgment should be reversed and judgment directed requiring the plaintiff to surrender possession of the premises to the defendant William C. Higgins and to pay to the said defendant the sum of $150 per month for the use and occupation of the premises since the termination of the lease, together with the costs of the action and of this appeal.

All concur, except COCHRANE, P. J., and McCANN, J., dissenting.

Judgment reversed on the law and facts, and judgment directed in favor of the defendant William C. Higgins, requiring plaintiff to surrender possession of the premises to the said defendant William C. Higgins and to pay to the said defendant the sum of $150 per month for the use and occupation of the premises since the termination of the lease, together with the costs of the action and of this appeal. The court disapproves of findings of fact, contained in the decision, numbered 9, 12, 15 and 17, and findings 1, 2 and 3 of the conclusions of law; and finds the facts stated in defendants' requests to find Nos. 22, 23, 24 and 28, and the facts stated in the 4th, 5th, 6th, 7th, 8th, 9th and 14th, contained in such requests and designated conclusions of law.