PETER SMITH, Appellant, *v.* SOPHIE SMITH, Respondent.

*Husband and wife — divorce — action by husband for absolute divorce — defense of condonation.*

*Smith* v. *Smith,* 214 App. Div. 717, affirmed.

(Submitted May 14, 1926; decided June 1, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 9, 1925, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term in an action, husband against wife, for an absolute divorce. The trial court held that there had been condonation by the husband of the wife's misconduct.

*Jacob O. Bilder* for appellant.

*Benjamin T. Cooke* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ. Absent: ANDREWS, J.

---

GEORGE A. NOBLE, Appellant, *v.* WILLIAM C. HIGGINS et al., Respondents.

*Contract — option — specific performance — action to compel specific performance of alleged agreement to sell real property.*

*Noble* v. *Higgins,* 214 App. Div. 135, affirmed.

(Argued May 14, 1926; decided June 1, 1926.)

APPEAL from a judgment, entered December 7, 1925, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment in favor of defendants. The action was to compel specific performance of an alleged agreement to convey real property pursuant to an option contained in a lease thereof. The defense was that plaintiff had failed to serve a written notice of acceptance of the option within the time provided for therein.

*George L. Bockes* for appellant.

*James J. Byard, Jr.,* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.

---

NEW YORK RAPID TRANSIT CORPORATION, Respondent,
   v. BRONX INVESTMENT COMPANY, Appellant, Impleaded
   with Others.

### (Actions Nos. 1 and 2.)

*Vendor and purchaser — contract — specific performance — real prop-
erty — title — action to compel specific performance of alleged contract
to purchase real property — claimed defect in title.*

*N. Y. Rapid Transit Corp.* v. *Bronx Investment Co.*, 216 App. Div.
767, affirmed.

(Argued May 14, 1926; decided June 1, 1926.)

APPEAL, in each of the above-entitled actions, by per-
mission, from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 23, 1926, which affirmed an order of Special Term
denying a motion of defendant, appellant, for a dismissal
of the complaint in an action to compel specific perform-
ance of an alleged contract to purchase real property.
Defendant, appellant, claims that two certain mortgages
set out in full in the complaint, by reason of after-acquired
property clauses therein, were liens on the real property
herein, so that plaintiff was unable to convey the fee
of the premises free from all incumbrances as agreed.
The Appellate Division held that the clauses mentioned
did not affect the plaintiff's title to the property.   The
following question was certified: " Does the complaint
herein state facts sufficient to constitute a cause of
action? "

*Charles L. Woody* for appellant.

*Trabue Carswell, M. B. Hoffman* and *George D. Yeomans*
for respondent.

Order in each case affirmed, with costs; questions
certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and LEHMAN, JJ.   Absent: ANDREWS, J.