■ ALBERT ARROYO et al., Respondents, v. PATAYNE ESTATES, INC., Appellant.— Judgment in favor of plaintiffs unanimously reversed, on the law and on the facts, and the complaint dismissed, with $50 costs to defendant-appellant. Plaintiffs contracted to purchase a dwelling house from defendant and seek in this action to recover their down payment on the purchase price. The contract gave plaintiffs an option of cancellation, set forth the method of its exercise (namely, by notice sent to defendant's attorneys "by certified mail, return receipt requested, postmarked not later than August 31, 1963"), and required the return of the down payment "In the event this contract is cancelled as aforesaid". That the notice be postmarked not later than August 31 was thus an express and unambiguous condition precedent to the return of the money. In fact the notice was postmarked September 4, 1963. There is no indication that the post office contributed to the delay; indeed there was no acceptable testimony that the notice, though dated August 30, was mailed before September 4. Nor do we find other ground on which to base equitable relief. Accordingly we conclude that the cancellation was ineffective (6 Williston, Contracts [3d ed.], § 853, p. 222; Note, 164 A. L. R. 1014; *Railway Advertising Co.* v. *Posner*, 35 Misc. 285; cf. *Noble* v. *Higgins*, 214 App. Div. 135, affd. 243 N. Y. 538), and that the usual rule barring a defaulting purchaser from reclaiming his down payment must be applied (*Silverstein* v. *Cerebral Palsy Assn.*, 17 A D 2d 160, 164–165). Concur — Botein, P. J., Rabin, Valente, Stevens and Steuer, JJ.