■ MANHATTAN GEAR AND INSTRUMENT Co., Respondent, v. 2350 LINDEN BLVD. CORP. et al., Appellants.— In an action to compel specific performance of an option for the purchase of real property, defendants appeal from an order and judgment of the Supreme Court, Kings County, entered April 22, 1966, which granted plaintiff's motion for summary judgment and directed specific performance. Order and judgment reversed, with $10 costs and disbursements, plaintiff's motion for summary judgment denied, and summary judgment directed dismissing the complaint. The option agreement, contained in the lease of certain premises to plaintiff, provided that plaintiff "within three (3) years from the date of occupancy shall have the right and option to purchase the premises" and that "Such option must be exercised upon three (3) months written notice to landlord". The date of occupancy, as claimed by plaintiff, was August 28, 1962; the written notice, purporting to exercise the option, was given August 4, 1965. In our opinion, the notice was untimely. By its terms, the option privilege was required to be exercised by notice given not later than three months prior to the expiration of the option period on August 28, 1965. Accordingly, the offer under the option terminated on May 28, 1965; and after that date there was no offer in existence which could be accepted by plaintiff (*Noble* v. *Higgins,* 214 App. Div. 135, affd. 243 N. Y. 538; *Mason* v. *Payne,* 47 Mo. 517). Since the material facts are undisputed and establish that defendants have a good defense to the action, summary judgment dismissing the complaint should be granted, even though defendants did not ask for that relief at Special Term (CPLR 3212, subd. [b]; *De Rosa* v. *Slattery Contr. Co.,* 14 A D 2d 278, affd. 12 N Y 2d 735). Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., concurs in the reversal of the order and judgment, but dissents from the grant of summary judgment to defendants, with the following memorandum: In my opinion, the option agreement in the lease is ambiguous as to the time limit for service of the notice exercising the option. This ambiguity is pointed up by the fact that the majority in this court is now holding that the notice exercising the option was untimely, while on the other hand it is implicit in Special Term's grant of summary judgment to plaintiff that that court believed the notice exercising the option was timely. In view of this obvious ambiguity, neither party should be granted summary judgment, and proof should be taken at trial as to the circumstances showing the parties' intent with respect to the time limit for service of the notice exercising the option. The New York case relied on by the majority is readily distinguishable, since the option agreement there involved was far different from the one at bar. The out-of-State case cited is, of course, not a binding authority in New York; and, moreover, I disagree with its holding. I vote to reverse and deny summary judgment as to all parties.