■ FRANK MAFETONE et al., Respondents, v. FOREST MANOR HOMES, INC., et al., Defendants, and CHICAGO TITLE INSURANCE CO., HOME TITLE DIVISION,

Appellant.— In an action to recover damages allegedly flowing from a change in grade of the street on which plaintiffs' title-insured real property fronted, the defendant title company which issued the title insurance appeals from an order of the Supreme Court, Queens County, entered February 11, 1969, which denied its motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, motion granted, and action severed as to appellant so as to permit entry of judgment in favor of appellant separately. In our opinion, there are no genuine triable issues of fact demonstrated by this record. The gravamen of plaintiffs' complaint is that appellant wrongfully failed to notify plaintiffs or their counsel of the differences between the existing grade and the legal grade of the street that abutted their parcel and that the subsequent elevation of the abutting street to its legal grade has caused them a property loss of $20,000. Theories of negligence, breach of contract and fraud are all set forth in the complaint. The title company is not responsible to plaintiffs for the damages incurred by reason of the change in elevating the abutting street to its legal grade, since the provisions of the standard title insurance policy here in question are concerned with matters affecting *title* to property and do not concern themselves with physical conditions of the abutting property *absent* a specific request by the person ordering a title report and policy (see *Sperling* v. *Title Guar. & Trust Co.*, 227 App. Div. 5, affd. 252 N. Y. 613). At bar, no factual issue regarding such a special engagement of the title company has been raised. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.