■ J. HERBERT GRIMSEY et al., Respondents, v. LAWYERS TITLE INSURANCE CORPORATION, Defendant and Third-Party Plaintiff-Appellant. THOMAS P. LYNCH, Third-Party Defendant-Respondent. (And Another Title.) — In consolidated matters, in which plaintiffs Grimsey and Ruback sought to recover damages from appellant for breach of a contract of title insurance, and in which the latter as third-party plaintiff sought indemnity from the third-party defendant, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Rockland County, entered August 13, 1970

and made after a nonjury trial, (1) as is in favor of said plaintiffs against appellant in the amounts of $70,000 ($65,000 damages plus $5,000 legal fees) and $7,800 (for moneys paid by plaintiffs as interest on a mortgage), plus costs and disbursements as taxed and (2) as dismissed the third-party complaint. The portion of the judgment which is in favor of plaintiffs is modified, on the law, by reducing the recovery of $70,000 to $30,000, reducing the award of costs from $1,320 to $150, and accordingly reducing plaintiffs' total recovery to $38,898.75. As so modified, said portion of the judgment is affirmed, without costs. The appeal from the portion of the judgment which dismissed the third-party action is severed and held in abeyance pending the making of further findings of fact and conclusions of law by the Trial Term, in accordance with the views hereinbelow set forth, and the case is remanded to the Trial Term for that purpose. In January, 1967, plaintiffs contracted to buy an unimproved parcel of land in Rockland County for $65,000, undertaking to pay $25,000 in cash and to give a purchase-money mortgage for the remainder. In March, 1967, they received a deed to the parcel, the fee title to which was insured by appellant, an insurance we find by estoppel because of the third-party defendant's apparent agency to act on behalf of appellant. In February, 1968, the County of Rockland claimed that it held the fee and, insofar as the judgment declares the fee to be in the county, appellant does not appeal. The Trial Term, however, awarded plaintiffs $65,000 for their loss of the fee, though they had paid only $25,000 as a down payment and, subsequently, $7,800 in diminution of the mortgage debt. Because indemnity is the nature of the title insurance contract at bar, plaintiffs are entitled only to the recovery of their actual loss and may not recover the value of the fee (15 Couch Insurance 2d, § 57:179; see *Empire Development Co.* v. *Title Guar. & Trust Co.,* 225 N. Y. 53, 61). With respect to plaintiffs' recovery of their legal expenses, that aspect of the judgment is sustainable because appellant, in breach of the policy, in substance refused to defend against the county's counterclaim of title in the action commenced by plaintiffs under article 15 of the Real Property Law. With respect to the costs taxed, however, an allowance pursuant to CPLR 8302 (subd. [a], par. 3) may not be made in an action solely to recover damages for breach of a contract of title insurance. Last, we sever the appeal and remand the third-party action for further findings of fact and conclusions of law, because we are unable to reconcile the Trial Term's finding that the third-party defendant should have discovered the county's title with its finding that the third-party plaintiff had not proved the third-party defendant's liability by a fair preponderance of the credible evidence. Because of the inadequacy of plaintiffs' appellate brief, we have not allowed them costs on this appeal. Hopkins, Acting P. J., Munder, Shapiro, Brennan and Benjamin, JJ., concur.