381 So.2d 1088 (1979)
TITLE & TRUST COMPANY OF FLORIDA, a Corporation, Appellant,
v.
Belden N. BARROWS and Edith B. Barrows, His Wife, Appellees.
No. MM-106.
District Court of Appeal of Florida, First District.
August 7, 1979.
*1089 Earl M. Barker and Delbridge L. Gibbs of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
S. Gordon Blalock of Blalock, Holbrook, Akel & Poitevent, Jacksonville, for appellees.
Peter Guarisco, Tallahassee, for amicus curiae.
McCORD, Acting Chief Judge.
This appeal is from a final judgment awarding money damages to appellees for breach of title insurance policy. We reverse.
Through a realtor, appellees purchased, for $12,500, a lot surrounded on three sides by land owned by others, all of which is a part of a beach subdivision. The fourth side of appellee's lot borders on a platted street called Viejo Street, the right-of-way for which has been dedicated to and accepted by St. Johns County. The right-of-way line opposite appellees' lot abuts a Corps of Engineers' right-of-way in which there is a stone breakwater. The intracoastal waterway flows on the other side of the breakwater.
The realtor who sold the lot to appellees represented to them that the county would build a road in the right-of-way along Viejo Street when appellees began plans for building on their lot. There have been no street improvements in the dedicated right-of-way, and St. Johns County has no present plans for making any improvements. The "road" is merely a continuation of a sandy beach.
A year after purchasing the land appellees procured a survey which disclosed that the elevation of their lot is approximately one to three feet above the mean high water mark. They later discovered that their lot, along with the Viejo Street right-of-way abutting it, is covered by high tide water during the spring and fall of each year.
At the time appellees purchased their lot, they obtained title insurance coverage from appellant. The title policy covered:
"Any defect in or lien or encumbrance on the title to the estate or title covered hereby ... or a lack of a right of access to and from the land; ... ."
Appellees' complaint of lack of right of access was founded on the impassable condition of the platted street. After trial without a jury, the trial court entered final judgment finding that appellees did not have access to their property and, therefore, *1090 were entitled to recover $12,500 from appellant  the face amount of the policy.
Appellant and Florida Land Title Association, appearing as amicus curiae, argue that appellant cannot be held liable on grounds of "lack of right of access to and from the land" since there is no defect shown by the public record as to their right of access; that the public record shows a dedicated and accepted public right-of-way abutting the lot. They contend that title insurance does not insure against defects in the physical condition of the land or against infirmities in legal right of access not shown by the public record. See Pierson v. Bill, 138 Fla. 104, 189 So. 679 (1939). They argue that defects in the physical condition of the land such as are involved here are not covered by title insurance. We agree. Title insurance only insures against title defects.
The Supreme Court of North Carolina in Marriott Financial Services, Inc. v. Capitol Funds, Inc., 288 N.C. 122, 217 S.E.2d 551 (1975), construed "right of access" to mean the right to go to and from the public right-of-way without unreasonable restrictions. Compare Hocking v. Title Insurance & Trust Company, 37 Cal.2d 644, 234 P.2d 625 (1951), where, in ruling that the plaintiff failed to state a cause of action in a suit brought under her title policy, the court said:
"She appears to possess fee simple title to the property for whatever it may be worth; if she has been damaged by false representations in respect to the condition and value of the land her remedy would seem to be against others than the insurers of the title she acquired."
In Mafetone, et al., v. Forest Manor Homes, Inc., et al., 34 A.D.2d 566, 310 N.Y.S.2d 17 (N.Y. 1970), the plaintiff brought an action against a title insurance company for damages allegedly flowing from a change in the grade of a street. There the court said:
"The title company is not responsible to plaintiffs for the damages incurred by reason of the change in elevating the abutting street to its legal grade, since the provisions of the standard title insurance policy here in question are concerned with matters affecting title to property and do not concern themselves with physical conditions of the abutting property absent a specific request by the person ordering a title report and policy ..." (Emphasis supplied.)
In McDaniel v. Lawyers' Title Guaranty Fund, 327 So.2d 852 (Fla. 2 D.C.A. 1976), our sister court of the Second District said:
"The man on the street buys a title insurance policy to insure against defects in the record title. The title insurance company is in the business of guaranteeing the insured's title to the extent it is affected by the public records."
In the case here before us, there is no dispute that the public record shows a legal right of access to appellant's property via the platted Viejo Street. The title insurance policy only insured against record title defects and not against physical infirmities of the platted street.
REVERSED.
ERVIN and LARRY G. SMITH, JJ., concur.