390 So.2d 805 (1980)
O. James KRAUSE, Eilene L. Krause, His Wife, and David W. Beane, Appellants,
v.
TITLE & TRUST COMPANY OF FLORIDA, a Florida Corporation, Appellee.
No. 79-593/T2-19.
District Court of Appeal of Florida, Fifth District.
December 3, 1980.
Sally Dee Kest of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellants.
C. John Coniglio of John Coniglio, P.A., Wildwood, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants, O. James Krause, Eilene L. Krause, his wife, and David W. Beane, appeal from a judgment which denied their recovery of fees and costs incurred in an earlier suit to establish an access easement (way of necessity).[1] Appellee Title & Trust Company of Florida had insured the title to the lands involved, but refused to participate *806 in the suit to establish the easement.[2] Appellants then sued to recover their expenses.
The controlling question is whether appellants had access to their property under the terms of the title insurance policy. We hold that they did and affirm.
A title insurance policy contemplates a search of the chain of title, an opinion by an expert of what the search reveals and a guaranty that the search was accurate and that it expresses the quality of the title shown by the record. 1 Fla.Jur.2d Abstracts § 38 (1977). Absent a specific undertaking to that effect, it does not presume to insure against infirmities not of record. See McDaniel v. Lawyers' Title Guaranty Fund, 327 So.2d 852 (Fla. 2d DCA 1976). See also § 624.608, Fla. Stat. (1979).
In the present case, the same judge had tried the earlier access suit. He states that all parties had agreed that there was "legal" access and that the only question was whether such access was "reasonable and practicable" for purposes of establishing an implied grant of necessity. The quality of a particular access (the subject matter of the original suit) would have been discoverable only upon a physical examination of the property or a detailed survey. The policy here specifically excepted any facts revealed by an accurate survey. The physical condition of the existing access was easily ascertainable by a simple inspection of the site by the purchasers. As the title company insured the quality of the title as shown by the record and there was access of record, it was not required to aid in the suit by appellants Krause and Beane to establish a grant of necessity.
AFFIRMED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] § 704.01(1), Fla. Stat. (1979).
[2] The court in this earlier suit found that appellants had "legal" access to their land, but it was not passable by ordinary passenger vehicles without a substantial amount of clay or rock fill. § 704.03, Fla. Stat. (1979).