OPINION OF THE COURT
Marvin E. Segal, J.
Motion for an order granting plaintiff summary judgment on the issue of liability on all three causes of action in the complaint and directing an inquest to determine damages, and cross motion for an order granting summary judgment in favor of the defendant and against the plaintiffs dismissing the complaint.
There are three causes of action set forth in the complaint. Each refers to a separate transaction and a separate title insurance policy. The first cause of action involves premises located at 12 19th Avenue, Sea Cliff, New York. On April 30, 1986, the plaintiff purchased title insurance from the defendant in connection with the plaintiff’s purchase of a second mortgage dated April 7, 1986. The title policy recites that it is subject to a first mortgage of $105,000 with interest. In fact, the first mortgage was in the face amount of $200,000. The junior mortgagor defaulted owing $69,998.12 with interest from June 5, 1989. Thereafter the mortgagor defaulted on the senior mortgage. The first mortgagee foreclosed the first mortgage and the premises was sold at foreclosure. The plaintiff alleges that if the first mortgage had only been $105,000 as stated in the subject title insurance policy, the junior mortgagee would have been paid in full upon foreclosure. Plaintiff asserts that it relied on the defendant’s representation that the first mortgage was in the amount of $105,000 and seeks damages in the sum of $69,998.12 with interest.
The second cause of action involves premises at 28 Spring Street, Oyster Bay, New York. On April 8, 1986, the plaintiff purchased a second mortgage on said premises and purchased a policy of title insurance from the defendant in the sum of $45,000. The policy sets forth that the amount of the first mortgage is $100,000. In fact, the first mortgage was in the principal amount of $180,000. The junior mortgagor defaulted owing plaintiff $44,253.26 with interest from November 7, 1989. Thereafter, the mortgagor defaulted on the first mortgage. The first mortgagee foreclosed on the first mortgage and *817 the premises was sold at foreclosure sale. Again, plaintiff seeks damages based upon its alleged reliance on the inaccurate statement of the amount of the first mortgage as recited in the subject title insurance policy.
The third cause of action relates to premises at 42 Weeks Avenue, Oyster Bay, New York. On October 28, 1986, plaintiff purchased a junior mortgage and purchased title insurance from the defendant which excepted a senior mortgage in the sum of $157,000 with interest. The first mortgage was actually in the amount of $204,800. The junior mortgagor defaulted owing the plaintiff $45,000 with interest from August 10, 1988. Thereafter the mortgagor defaulted on the senior mortgage. The first mortgagee foreclosed and the premises were sold at foreclosure sale. The plaintiff seeks damages based upon its alleged reliance on the inaccurate statement of the amount of the first mortgage as set forth in the subject title insurance policy.
Plaintiff asserts that there are no questions of fact as to the defendant’s errors in the three title insurance policies, and that the plaintiff is entitled to summary judgment as a matter of law, on the issue of liability.
The defendant cross-moves for summary judgment dismissing the complaint. The defendant contends that even if the subject title insurance policies set forth inaccurate statements regarding the amount of the respective first mortgages, the plaintiff is precluded from asserting any claim under the subject policies of title insurance on the ground that plaintiff prejudiced defendant’s rights by failing to afford defendant timely notice of its claim pursuant to the provisions of said insurance policies. In addition, the defendant asserts that plaintiff’s claims should be dismissed as a matter of law because the subject policies of insurance insure only against defects in title and do not guarantee the value of the mortgaged property or that the debt will be paid. Finally, the defendant contends that it is entitled to summary judgment as a matter of law because the plaintiff failed to protect its own interests and failed in its duty to mitigate damages by failing to bid at the respective foreclosure sales.
In support of their various contentions, both parties cite numerous cases, all of which deal with actions wherein a mortgagee sought to recover damages allegedly resulting from a defendant title insurer’s failure to discover and except prior liens. In the instant action, plaintiff seeks to recover damages *818 based upon the uncontroverted fact that while the defendant did report and exempt from coverage the subject first mortgages, it inaccurately set forth the amount of said mortgages in its title reports. Neither party has cited a case in this jurisdiction, or in any other jurisdiction directly on point, and the issue before this court appears to be one of first impression.
plaintiff’s application for summary judgment
The first issue to be addressed is whether or not the damage asserted is a loss covered by the subject policies of insurance.
Each of the subject policies "insures the within named insured plaintiff against all loss or damage not exceeding the amount of insurance stated herein * * * which the insured shall sustain by reason of any defect or defects of title affecting the premises described in Schedule A or affecting the interest of the insured therein as herein set forth, or by reason of unmarketability of the title of the insured to or in the premises, or by reason of liens or encumbrances affecting title at the date hereof’.
The defendant asserts that each policy insured plaintiffs interest as mortgagee in the particular property described therein in a specific amount of insurance and properly excepted the prior mortgage liens of record from coverage. The only error was that the reported amount of each of the excepted first mortgages was less than the actual amount thereof. The defendant contends (1) that such an error does not constitute a defect of title either affecting the premises described in the policy or affecting plaintiff’s interest as second mortgagee; (2) that the plaintiff has not shown a defect in its title as second mortgagee as reported by defendant in its policy; and (3) that plaintiffs have not claimed that they attempted to sell their mortgage prior to the foreclosure action and that it was rejected as being unmarketable. It is defendant’s contention that the plaintiff has merely shown that defendant made a mistake in setting forth the amount of the superior lien which was excepted from coverage of the policies; that the defendant did not guarantee the amount of the superior lien or that the mortgaged property was worth the amount of the mortgages, or that the mortgage debts would be paid. (See, Falmouth Natl. Bank v licor Tit. Ins. Co., 920 F2d 1058 [1st Cir 1990].) The defendant argues that the policies herein are not "mortgage guaranty insurance” policies *819 as defined in Insurance Law § 6501, but that plaintiff is suing on a "title insurance policy” as defined in Insurance Law § 6401 (b). As such, these title insurance policies are types of indemnity insurance (see, 13A Couch on Insurance 2d, Miscellaneous Risks, § 48:111; 5A Warren’s Weed, New York Real Property, Title Insurance, § 4.01; Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 461, mod on other grounds 52 NY2d 179). Such policies obligate the title insurer to indemnify the mortgagee only against loss or damage resulting from defects in title. It is defendant’s contention that plaintiffs are not claiming a defect in title to the premises due to the existence of liens or encumbrances thereon, but that plaintiff’s claim stems from an error in the amount of the prior lien, and that the claimed defect is not within the coverage of the policy contract.
Insurance Law § 6401 (b) provides that a "title insurance policy” insures and guarantees loss by reason of encumbrances thereon and defective title. As set forth by the Court of Appeals in Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 187-188: "By definition, title insurance involves 'insuring the owners of real property * * * against loss by reason of defective titles and encumbrances thereon and insuring the correctness of searches for all instruments, liens or charges affecting the title to such property’ * * * Rather than being treated merely as a contract of indemnity, title insurance was viewed as being more in the nature of a covenant of warranty against encumbrances” (emphasis supplied). Defendant’s argument that it performed its contractual duty by accurately reporting the existence of prior mortgages, liens or charges, without accurately reporting the amount of same, lacks merit. A prospective mortgagee justifiably relies upon the accuracy of the reported search not only as to the existence of prior encumbrances but as to the amounts thereof. The inaccuracy of the title search with regard to the amount of the subject first mortgages does affect the validity and extent of plaintiff’s interest in the subject premises (see, Trenton Potteries Co. v Title Guars. & Trust Co., 176 NY 65). Further, the defendant waived any such defense of noncoverage by failing to plead an affirmative defense of "noncoverage of the alleged risk” (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3018:22, at 162). Accordingly, defendant is therefore precluded from relying on such as a defense to recovery.
Plaintiff is not however entitled to summary judgment *820 on the issue of liability. The plaintiff has not yet proven that it incurred any loss. As stated in Bay Ridge Air Rights v State of New York (44 NY2d 49, 54): "a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity”. Thus, a plaintiff suing on a mortgage title insurance policy, similar to a plaintiff in an action on any other indemnity contract (see, 28 NY Jur, Indemnity, § 20; 63 NY Jur 2d, Guaranty & Suretyship, § 483-484) is not entitled to indemnification prior to establishing damages. (Grimsey v Lawyers Tit. Ins. Corp., 38 AD2d 572, 573, mod on other grounds 31 NY2d 953; Cale v Transamerica Tit. Ins., 225 Cal App 3d 422, 275 Cal Rptr 107; Falmouth Natl. Bank v Ticor Tit. Ins. Co., supra; Annotation, Measure, Extent or Amount of Recovery of Title Insurance, 60 ALR2d 972.) Since title insurance is a contract of indemnity against actual monetary loss or damage, the insured has the burden of establishing the extent of the loss or damage. (Mafetone v Forest Manor Homes, 34 AD2d 566; see also, 5A Warren’s Weed, New York Real Property, Title Insurance, § 5.04, at 51.) Plaintiff has moved for summary judgment on the issue of defendant’s liability alone. However, without first establishing damages, plaintiff is not entitled to indemnification. (Diversified Mtge. Investors v U. S. Life Tit. Ins. Co., 544 F2d 571 [2d Cir 1976].)
The case of Herbil Holding Co. v Commonwealth Land Tit. Ins. Co. (183 AD2d 219) cited by plaintiff is not applicable here. There is no commonality of facts or identity of legal issues in the instant pending action and the Herbil Holding case. In Herbil Holding Co., the plaintiff was the successful bidder at a foreclosure sale which was ultimately set aside due to a jurisdictional defect in the underlying foreclosure action. The plaintiff had purchased the property for $19,000. The plaintiff had purchased fair market value title insurance in the amount of $65,000. When the sale was set aside, the foreclosing mortgagee returned the $19,000 to the plaintiff. Plaintiff sued its title insurer for the difference between the $65,000 title policy and the $19,000 already received. The court was faced with the interpretation of the broad general exclusion from coverage under schedule B of the title policy of the "rights of tenants or persons in possession” and whether such exclusion barred recovery after a successful claim by the record owner of the subject property, that the judgment of foreclosure, under which the insured had purchased the property, was improperly entered against him. The Appellate Division held that a defect arising from the rights of a person *821 whose interest appears in the chain of title must be covered unless specifically excepted, irrespective of whether the nature of that interest to the insured may be implied through open possession at the time the policy was issued. The Appellate Division stated that "[b]ecause there was no specific exception for [the record owner’s] interest, the more general exception for a 'person in possession’ is no bar to recovery.” (Supra, at 227.) As such, the court found that the plaintiff was entitled to the benefit of its bargain, i.e., the difference between the face amount of the title insurance policy and the reimbursed bid. Since the matter had been submitted upon an agreed statement of facts and the Supreme Court did not reach the issue of damages, the Appellate Division in reversing the lower court, necessarily had to remit the matter for assessment of damages. The Herbil Holding Co. decision does not support plaintiff’s contention that damages can be severed and determined independent from the issue of liability under a contract of indemnity. Since there can be no liability under the instant title policy without proof of loss, plaintiff’s application for summary judgment on the issue of liability only, must be denied.
defendant’s application for summary judgment
Compliance by the insured herein with certain conditions of the subject policies was expressly made a condition precedent to the insurer’s obligation to pay the insured’s proven loss. The face of each of the policies issued by Chicago Title Insurance Company expressly states therein, as follows: "the loss and the amount to be ascertained in the matter provided in said conditions and shall be payable upon compliance by the insured with the stipulation of said conditions, and not otherwise” (emphasis supplied).
Here, the evidence shows that when the plaintiff was served with the summons and complaint in each of the foreclosure actions, it did not give defendant prompt notice of such claims or promptly forward to defendant a copy of the summons and complaint as required by condition 4 of the policies. With respect to the second cause of action of this complaint, the evidence shows that although plaintiff received notice of the Dime Savings Bank foreclosure action in May 1989 it did not give defendant notice thereof until August 1990, some 15 months later, which was actually four months after the foreclosure sale of April 27, 1990 was completed. The evidence *822 also shows that the plaintiff appeared in said foreclosure action by its attorney and attended the foreclosure sale but failed to bid or take any other action to protect its second mortgage. The delay of plaintiff in giving defendant notice of this foreclosure action prejudiced defendant as a matter of law since defendant was improperly deprived under condition 2 (b) of the policy of its right to defend said foreclosure action, and of its right to prevent or reduce any loss. Under the circumstances, the defendant is relieved of any liability in the second cause of action (5A Warren’s Weed, New York Real Property, Title Insurance, § 5.02; see also, Schefflin v Title Guar. & Trust Co., 292 NY 533). Since there are no genuine issues of fact, summary judgment is granted dismissing the second cause of action against Chicago Title Insurance Company.
While in the first and third causes of action the plaintiff did not give defendant notice of the foreclosure actions until six months after it had received the summons and complaint, the delay in affording notice was not prejudicial to defendant as it was approximately five months prior to the foreclosure sales. The defendant contends however that in both of these actions, plaintiff breached its duty under condition 2 (c) of the policies by failing to give the defendant insurer "all reasonable aid” in the defense of the foreclosure actions. The record shows that with regard to both these causes of action, defendant’s counsel advised plaintiff’s counsel to bid at the foreclosure sales to protect its interest in the second mortgages, and that although plaintiff attended the foreclosure sales, it did not bid or take any action to protect its interest. The defendant asserts that the terms of the title policy are clear; that there is no undertaking to pay by the insurer unless there is compliance by the insured with the conditions precedent of the policy. Under condition 2 (c) thereof the insured was required to give the defendant "all reasonable aid” in the insurer’s defense of any action against the insured’s interest.
The defendant seeks summary judgment on the ground that by failing to bid at the foreclosure sales, the plaintiff failed to perform a condition precedent, to wit, "give all reasonable aid”, thereby vitiating coverage and entitling the defendant to judgment dismissing the complaint. The defendant also contends that by failing to bid at the foreclosure sales the plaintiff failed to mitigate its damages and that this failure to mitigate entitles the defendant to judgment as a matter of law.
The law is clear that unless a provision is unfair, harsh or unjust, a condition precedent in an insurance policy must be *823 exactly fulfilled or no liability can arise on the promise on which such condition is based. (See, Jungmann & Co. v Atterbury Bros., 249 NY 119; Nobel v Higgins, 214 App Div 135, affd, 243 NY 538; Empire Plexiglass Corp. v Enterprise Indus., 191 Misc 58; 5 Williston, Contracts § 675 [3d ed].) Plaintiff does not contend that the condition in the title policies which requires it to give "all reasonable aid” is unfair, harsh or unjust. Rather, plaintiff asserts that neither this, nor any other provision in the policy obligated plaintiff to bid at the foreclosure sales as a condition precedent to liability under the policy. Plaintiff further contends that (1) plaintiff could not have mitigated damages by "bidding up” the price at the foreclosure sales and (2) that plaintiff was not obligated to mitigate by bidding at the foreclosure sales because the defendant had an equal opportunity to bid at the sales.
It is well settled that the failure of the insured to cooperate or aid the insurer is sufficient to relieve the insurer of its obligation to pay under the policy (see, 5A Warren’s Weed, New York Real Property, Title Insurance, § 5.02 [2], at 46; Rajchandra Corp. v Title Guar. Co., 163 AD2d 765, 768-769; Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 53 NY2d 835, 836). The defendant has however provided neither contractual nor case law authority which equates the "duty to aid” with a duty to bid in a foreclosure sale. Rather, plaintiff has cited case law from other jurisdictions, to wit: Trigiani v American Tit. Ins. Co. (392 Pa Super 427, 573 A2d 230 [1990]) and Wheeler v Equitable Trust Co. (221 Pa 276, 70 A 750 [1908]), which reject the argument that an insured junior mortgagee is obligated to bid at a foreclosure sale of a senior mortgage. Further, the law is well settled that a plaintiff is not obligated to mitigate where a defendant has an equal opportunity to do so. (See, Walker v Transamerica Tit. Ins. Co., 65 Wash App 399, 828 P2d 621 [1992]; 22 Am Jur 2d, Damages, § 508.) The defendant herein is not entitled to summary judgment dismissing the complaint as a matter of law on the theory that plaintiff failed to perform a condition precedent or failed to mitigate damages.
The abilities, rights and obligations of the respective parties to mitigate plaintiff’s damages herein relate to the amount of damages if any, to which plaintiff may be entitled, not to the viability of plaintiff’s claim.
Accordingly, defendant’s motion for summary judgment on the first and third causes of action is denied.