**KESSEL BRENT CORP., Respondent, v ALBANY SAVINGS BANK, FSB, Appellant.** [639 NYS2d 633]

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Plaintiff admits that its choice of primary insurer did not meet defendant's insurance requirement. Defendant was entitled to insist on strict compliance with the insurance requirement (see, Noble v Higgins, 214 App Div 135, affd 243 NY 538) and was justified in refusing to close the loan based upon plaintiff's failure to satisfy that requirement (see, Tayeh v Intercoastal Capital Corp., 176 AD2d 719). In view of our holding, it is unnecessary to decide whether defendant's refusal to make the loan was further justified by plaintiff's failure to satisfy the survey requirement of the loan commitment.

Because plaintiff failed to comply with a condition of the loan commitment, defendant is entitled to summary judgment on its counterclaim for $3,978.33, and we order that judgment be entered accordingly. In accepting the loan commitment, plaintiff unconditionally agreed to pay all fees and expenses incurred by defendant, including counsel and appraisal fees. We note, however, that plaintiff's liability is limited to those fees and expenses "incurred by Bank in connection with this Commitment and the Loan." Defendant therefore is not authorized to recover its litigation expenses. (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.