NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OUT WEST RESTAURANT GROUP, INC.; CERCA TROVA RESTAURANT GROUP, INC.; CERCA TROVA STEAKHOUSE, L.P.; CERCA TROVA SOUTHWEST RESTAURANT GROUP, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AFFILIATED FM INSURANCE COMPANY, <br><br> Defendant-Appellee. | No. 21-15585 <br><br> D.C. No. 3:20-cv-06786-TSH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted August 31, 2022[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and COLLINS, Circuit Judges, and FEINERMAN,[***] District Judge.

Out West Restaurant Group, Inc. and three related entities ("Out West") held a commercial property insurance policy issued by Affiliated FM Insurance Company ("Affiliated"). Several policy provisions, including the "Civil or Military Authority" provision, cover business losses that are the "direct result of physical loss or damage" to property but exclude losses due to "contamination." Two provisions cover costs and losses from the "presence of communicable disease." Out West sought coverage from Affiliated for costs and losses arising from business interruptions caused by the presence of the COVID-19 virus at its restaurants and COVID-related government closure orders. Affiliated denied the coverage under the "direct physical loss or damage" provisions, deferred a coverage determination under the two "communicable disease" provisions, and sought additional information from Out West to investigate coverage under those two provisions.

Out West sued Affiliated, alleging that the policy covered its costs and losses. The district court dismissed the suit with prejudice under Rule 12(b)(6), holding that Out West did not suffer "direct physical loss or damage" within the meaning of the policy, and that its claim for "communicable disease" coverage remained under consideration by Affiliated. We review *de novo* the district court's judgment. *See*

---

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

2

*L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We may affirm the judgment on any ground supported by the record. *See Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th Cir. 2000).

As to the direct physical loss or damage policy provisions, Affiliated argues (1) that Out West's losses were not a "direct result of physical loss or damage" to property, and, in the alternative, (2) that the contamination exclusion bars coverage. Insofar as Out West submits that its costs and losses were caused by government closure orders, its claim is foreclosed by *Mudpie, Inc. v. Travelers Casualty Insurance Co. of America*, 15 F.4th 885 (9th Cir. 2021), which holds that such orders, standing alone, do not inflict direct physical loss or damage to property. *Id.* at 889–93.

To the extent that Out West argues that coverage is nonetheless available under the Civil or Military Authority provision, we reject that contention. That provision covers certain losses caused by an "order of civil or military authority [that] prohibits access to a location[,] *provided such order is the direct result of physical damage ... at a[n] [insured] location or within five (5) statute miles of it*" (emphasis added). Out West alleges that the closure orders that "deprived [it] of the use and function" of its restaurants, were imposed due to "the presence of COVID-19 … at and/or within five miles of Out West insured locations."

Confronting materially identical allegations, the California Court of Appeal held that a similar Civil Authority provision "d[id] not apply" to business losses caused by COVID-related shutdown orders because "the plain language of the Orders shows that they were not based on 'direct physical loss of or damage to property' to [] premises," but rather were issued "in an attempt *to prevent the spread* of the COVID-19 virus." *Inns by the Sea v. Cal. Mut. Ins. Co.*, 286 Cal. Rptr. 3d 576, 595–96 (Cal. Ct. App. 2021); *see also id*. at 581, 595–96 (holding that shutdown orders designed "to slow the spread of COVID-19 to the maximum extent possible … did not give rise to Civil Authority coverage," despite the plaintiff's allegations that the orders "were made in direct response to the continued and increasing presence of the coronavirus on [the plaintiff's] property and/or around its premises"). So too here: the stated purpose of the Solano County order—the only order discussed in Out West's complaint and briefs—was to "protect and preserve the public health from, and prevent, the increasing transmission of COVID-19 in California." Order of the Health Officer No. 2020-04, issued on March 30, 2020, available at https://solano.courts.ca.gov/wp-content/uploads/2020/08/Solano_County_Health_Officer_Order_No_2020-04.pdf. The same holds for the orders cited in an appendix to the complaint, one of which—the Monterey County order—was among those examined by *Inns by the Sea*. D.C. No. 3:20-cv-06786-TSH, Doc. 18-4; *Inns*, 286 Cal. Rptr. 3d at 595–97.

4

Accordingly, because the closure orders that allegedly caused Out West's losses were issued in an effort to halt the spread of COVID-19, Out West is not entitled to coverage under the Civil or Military Authority provision for losses it suffered due to those orders.[1]

Nor is Out West entitled to coverage, under the direct physical loss or damage policy provisions, due to the presence of COVID-19 virus on its property. To the extent that Out West's theory of physical loss is based upon the presence of infected employees or patrons on its property, standing alone, that does not entail a "physical alteration of property" and therefore does not qualify as direct physical damage or loss. *Mudpie*, 15 F.4th at 892. And to the extent that Out West argues that infected persons contaminated the property or that virus was otherwise present, the contamination exclusion would bar coverage under the direct physical loss or damage policy provisions. The exclusion precludes coverage under those provisions for "[c]ontamination, and any cost due to contamination including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy." "Contamination" is defined as "any condition of property due to the actual or suspected presence of any foreign substance … pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold or

---

[1] Because coverage is thus not available under the Civil or Military Authority provision, we need not resolve the parties' dispute as to whether the contamination exclusion applies to that coverage.

mildew." It follows that the policy excludes under those provisions losses caused by the presence of COVID-19 virus on Out West's property.

Out West contends that, given the policy's inclusion of the communicable disease provisions, the contamination exclusion must refer only to "viruses that are not communicable diseases." The policy imposes no such limitation. "An insurance policy may exclude coverage for particular injuries or damages in certain specified circumstances while providing coverage in other circumstances." *Julian v. Hartford Underwriters Ins. Co.*, 110 P.3d 903, 910 (Cal. 2005). That is precisely the case here. The communicable disease provisions cover damage caused by the presence of a virus *if* "access to [the insured property] is limited, restricted or prohibited by: a) An order of an authorized governmental agency regulating or as [a] result of such presence of communicable disease; or b) A decision of an Officer of the Insured as a result of such presence of communicable disease." The contamination exclusion bars coverage under the direct physical loss or damage provisions for damage caused by the presence of a virus. There is thus no conflict between the contamination exclusion, on the one hand, and the communicable disease provisions, on the other, such that the contamination exclusion must be read to refer only to viruses that are not communicable diseases.

Out West next argues that the contamination exclusion bars coverage only for "costs" from contamination, not for "losses." The exclusion's plain terms, which

cover both "[c]ontamination, *and* any cost due to contamination" (emphasis added), preclude that interpretation, which would read the words "contamination, and" out of the exclusion. *See Magna Enters., Inc. v. Fid. Nat'l Title Ins. Co.*, 127 Cal. Rptr. 2d 681, 683 (Cal. Ct. App. 2002) (rejecting a "construction [that] implicitly deletes … words … from the policy's language"). Moreover, the contamination exclusion specifically precludes coverage for "the inability to use or occupy property," which makes clear that coverage for losses caused by the closure of Out West's restaurants is precluded.

Out West's remaining arguments fail as well. First, nothing in the policy suggests that the contamination exclusion "excludes only traditional industrial contaminants"; to the contrary, the exclusion specifically excludes viruses. Second, the California Court of Appeal has rejected the argument, advanced by Out West here, that a policy's failure to include standardized virus or pandemic exclusion provisions suggests that it does not exclude losses caused by viruses or pandemics. *See Inns by the Sea*, 286 Cal. Rptr. 3d at 593–94 (holding that the absence of a standardized virus exclusion does not "create an ambiguity in an otherwise unambiguous" policy).

As to the two communicable disease provisions, Out West argues that the district court erred in dismissing its claims for declaratory relief. Because Affiliated has not yet denied coverage under those provisions, Out West's request for

7

declaratory relief as to those provisions is unripe, and the district court was correct to dismiss it. *See Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (where the plaintiffs had not yet been denied coverage, reversing and remanding with instructions to dismiss as unripe the plaintiffs' request for declaratory relief that they were entitled to coverage). However, the dismissal should have been entered without prejudice to Out West's renewing its request for declaratory relief in the event Affiliated denies coverage under those provisions.[2]

**AFFIRMED AND REMANDED, with instructions to convert the dismissal of Plaintiffs' communicable disease provision claims to a dismissal without prejudice**.

---

[2] Out West's requests that we allow supplemental briefing on certain aspects of *Inns by the Sea*—those that, according to Out West, "recognize[] that noxious substances like COVID-19 can cause direct physical loss or damage" and incorrectly hold that "[government] orders caused the claimed loss"—are denied as moot. Those aspects of *Inns by the Sea* are immaterial to the grounds we articulate for affirming the district court's judgment.