JUNGMANN & COMPANY, INC., Respondent, *v.* ATTERBURY BROTHERS, INC., Appellant.

(Argued June 13, 1928; decided July 19, 1928.)

*Charles A. Collin, Robert H. Ernest* and *Samuel L. Chess* for appellant.

*B. F. Norris* for respondent. The appellant had ample cable notice of the shipment and of the intention to tender the goods. (*Pope* v. *Porter,* 102 N. Y. 366; *Baker* v. *Higgins,* 21 N. Y. 397; *Wester* v. *Casein Co.,* 206 N. Y. 506.)

LEHMAN, J. In February, 1923, the plaintiff entered into a written contract with the defendant for the sale of thirty tons of casein. The contract contained a clause: " Shipment: May–June from Europe. Advice of shipment to be made by cable immediately goods are dispatched." Fifteen tons of casein were shipped on June

9th, 1923. No notice of shipment was given to the defendant. Tender of this shipment by the plaintiff was refused by the defendant on June 20th. On June 21st the defendant wrote to the plaintiff that the plaintiff " failed to make any May delivery under the contract and also failed to advise us of shipment as required to do by your contract." The plaintiff declined an offer of the defendant " to take this shipment as the June quota on your contract and call the contract filled." On June 26th the plaintiff shipped the remaining fifteen tons of casein. The defendant received no advice of shipment " by cable " immediately after the goods were shipped. It did receive a letter from the plaintiff dated June 23d, that the plaintiff had received advice by cable that these fifteen tons *would be shipped* per steamship *Magnolia* sailing on June 26th, and another letter from the plaintiff on June 28th stating that upon the arrival of the steamship *Magnolia* " which sailed on June 26th with the balance of your order on board, we will deliver to you the full 30 tons of Casein in conformity with our contract." On the arrival of the steamship *Magnolia* the plaintiff tendered to the defendant the thirty tons of casein. The defendant refused the tender.

The defendant claims that the parties understood and intended that one-half of the casein was to be shipped in May and the remainder in June, and that the words " Shipment: May–June " were used to express that understanding and intention. Evidence of oral negotiations offered for the purpose of showing the understanding of the parties was excluded upon the plaintiff's objection. No evidence was offered by either party that the words " Shipment: May–June " had any peculiar meaning in the trade. The courts below have held that these words have a well-defined general significance and mean that the plaintiff might ship the entire thirty tons of casein at any time the plaintiff saw fit during the months of May and June. It is said that the meaning of these words is

so clear and unambiguous that while evidence of prior negotiations might show that the written contract does not correctly embody the intention of the parties, such evidence would not be admissible to change the general well-established meaning of the words of the contract.

The correctness of the exclusion of the testimony offered by the defendant is perhaps not free from doubt. We do not pass upon that question now. Error, if any, in the exclusion of testimony might result in a new trial. Upon the undisputed testimony in this case the defendant is entitled on other grounds to a reversal of the judgment against it and to a dismissal of the complaint.

Upon the demand of the defendant the parties agreed to the insertion in the contract of the clause, "Advice of shipment to be made by cable immediately goods are dispatched." Concededly until the goods shipped on June 9th arrived, no notice of any kind was given to the plaintiff that they had been shipped. Notice that the remainder of the goods was shipped on June 26th was given by letter from the plaintiff, not by cable. It is said that since the defendant received notice when the steamship *Magnolia* sailed with fifteen tons that upon its arrival the plaintiff would tender to the defendant the entire thirty tons, the defendant is in no worse position than if it had received the stipulated " advice of shipment by cable immediately the goods are dispatched." Even if that be true, the fact remains that the plaintiff was obligated under its contract to see that defendant obtained advice of shipment by cable. That, it failed to do. It may be that the defendant would have been satisfied to enter into a contract which required the plaintiff only to notify the defendant of intention to make delivery a definite time before actual delivery. It stipulated for another kind of notice. It may have believed that certainty of delivery would be greater if it received advice of actual shipment by cable. We may not weigh the benefit it might receive from other notice.

The plaintiff may not recover upon its contract without proof that it has performed all conditions precedent required of it. (*Van Iderstine Co., Inc.*, v. *Barnet L. Co., Inc.*, 242 N. Y. 425; *Raymond Concrete Pile Co.* v. *Thatcher & Son*, 221 N. Y. 715; *Rosenthal P. Co.* v. *Nat. Folding B. & P. Co.*, 226 N. Y. 313; Williston, Contracts, sections 674, 675.) The plaintiff is barred from recovery here by failure to give notice according to the terms of the contract.

Judgment of the Appellate Division and of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., votes for a new trial.

Judgment reversed, etc.