■ GUCCI AMERICA, INC., Appellant, v SAMPLE SALE WHOLESALERS, LTD., et al., Respondents, et al., Respondents. [835 NYS2d 26]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 21, 2006, which dismissed this turnover proceeding, unanimously reversed, on the law, with costs, and the petition granted.

Petitioner obtained a money judgment of $2,059,584.62 against respondents Joel Soren and Duty Free Apparel in Federal District Court for trademark infringement. Soren and Duty Free Apparel thereafter entered into a settlement agreement with petitioner under which they could satisfy their obligation under the judgment by paying a total of $75,000, $25,000 upon execution of the agreement and 10 monthly $5,000 installments thereafter. The settlement agreement provided that in the event respondents defaulted under its terms, petitioner would be released from the settlement agreement and again be entitled to seek enforcement of the entire money judgment against them.

It is not disputed that respondents materially breached the settlement agreement by failing to pay the installments after the first two. Nevertheless, respondents claim that petitioner may not be released from the settlement agreement because it did not provide notice of default strictly in accordance with the procedure set forth in paragraph 3 of the agreement.

Paragraph 2 of the settlement agreement provides that upon respondents' default in payment, petitioner "shall give written notice of such default by delivering such written notice to the address provided in paragraph 3 of the Settlement agreement," and that if petitioner gives such written notice and respondents fail to cure the breach within seven days of receipt of the notice, petitioner was entitled to collect or execute upon the judgment. However, respondents look to the agreement's paragraph 3, which concerns notice generally rather than specifically in relation to notice of default, and states that notice "shall be given by sending a facsimile, followed by confirmation sent by US Mail" to the specified individual at a specified address.

There is no dispute that the notice of default was sent to, and received by, the named individual. Respondents simply rely on the lack of a fax of the same letter to avoid what would otherwise be indisputable: petitioner's release from the settlement agreement and reinstatement of their money judgment against respondents, less any amounts paid.

We do not view the lack of a fax of the notice of default as barring exercise of petitioner's rights upon respondents' default. Since the notice provision of paragraph 2 applies specifically to notices of default, while paragraph 3 is a more general directive, the mailing in accordance with paragraph 2 is sufficient. In any event respondents received effective notice of default (*see Rower v West Chamson Corp.*, 210 AD2d 7 [1994]). The point of specifying methods by which a notice of default is to be given is, fundamentally, to ensure that the putative defaulter has actual

notice and an opportunity to protest the claim of default or, if so provided, to avail itself of an opportunity to cure the default, if any. Such notice and opportunity was provided here.

Respondents rely on cases in which compliance with the particular provisions at issue was a condition precedent to the formation of the contract, so that a failure to comply would preclude a party from relying upon or enforcing any other term (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685 [1995]; *Jungmann & Co. v Atterbury Bros.*, 249 NY 119 [1928]). In the matter now before us, however, the provision regarding sending a fax in addition to the mailing was not such a condition precedent.

Moreover, respondents should not be permitted to compel enforcement of a settlement agreement the material terms of which they willfully breached (*see generally* 13 Corbin on Contracts § 68.2).

Inasmuch as it is undisputed that respondent Soren set up a new company, respondent Sample Sale Wholesalers, to operate the business formerly run by respondent Duty Free Apparel, and Soren acknowledges that Sample Sale Wholesalers is liable for Duty Free Apparel's judgment, petitioner can enforce its judgment against the assets of Sample Sale Wholesalers.

The petition is therefore granted. Petitioner is entitled to the turnover of the assets of Soren, Duty Free Apparel, or Sample Sale Wholesalers, or property or money owed to them, up to an amount sufficient to satisfy the $2,024,584.62 remaining due on the judgment. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.