OPINION OF THE COURT
Per Curiam.
Order, dated March 2, 2006, affirmed, with $10 costs.
Civil Court properly granted tenant’s dismissal motion, upon its determination that the notice of default which petitioner landlord purported to serve upon tenant was an ineffective predicate for this holdover summary proceeding. Paragraph 56 of the rider to the parties’ 1999 lease agreement requires all notices to be sent via certified or registered mail to tenant at the demised restaurant premises, with an additional copy sent to tenant’s named counsel (one George Dellapa, Esq.), and further provides that any “[c]hanges in addresses may be designated by written notice, as provided herein.” We agree that the series of letters sent to landlord and its attorney by tenant’s incoming counsel Cowan, De-Barts, Abrahams & Sheppard LLP, including Cowan’s certified letter of April 5, 2004 informing landlord that the Cowan firm represented tenant “under [the] lease,” constituted notice of a “change in address [ ]” as contemplated by paragraph 56 of the lease rider. The landlord cannot reasonably assert that it was in any material way misled or confused by the absence from Cowan’s correspondence of a specific reference to rider paragraph 56, particularly given landlord’s attorney’s responsive writings to Cowan addressing several of the alleged lease violations underlying landlord’s present eviction claim.
Nor, in the circumstances here present, is it unfair to question whether landlord’s election to send the required copy of the July 2005 default notice to the attorney — a sole practitioner— initially designated in the 1999 lease agreement to receive notices on tenant’s behalf, rather than the Cowan firm to which landlord had recently complained about the alleged lease violations, was reasonably calculated to provide tenant actual notice of landlord’s cure demands. Compounding these concerns is the troubling fact that landlord mailed the default notice on July 2, *56 2005 (the Saturday of the July 4th weekend), soon after landlord was notified via e-mail that tenant’s restaurant business would be closed for its “annual summer break” from July 1 through July 14, 2005, a time frame extending beyond the cure period allotted in the default notice.
“The point of specifying methods by which a notice of default is to be given is, fundamentally, to ensure that the putative defaulter has actual notice and an opportunity to protest the claim of default or, if so provided, to avail itself of an opportunity to cure the default, if any” (Gucci Am., Inc. v Sample Sale Wholesalers, Ltd., 39 AD3d 271, 272-273 [2007]).
It does not appear from the record that such notice and opportunity were provided to this tenant.
McKeon, EJ., Davis and Heitler, JJ., concur.