OPINION OF THE COURT
Per Curiam.
Final judgment and judgment, entered December 28, 2007 and March 19, 2008, respectively, reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the holdover petition.
At issue in this holdover summary proceeding is the timeliness of the notice of default served upon the commercial tenant by petitioner landlord. The operative facts are summarized as follows. The parties’ commercial lease agreement, dated August 29, 2003, was for a 15V2-year term, and contained an early termination clause authorizing landlord to terminate the tenancy in the event a lease violation, including the tenant’s default in the payment of rent, remained uncured for three days after service of a notice of default. The “Bills and Notices” provisions of paragraph 27 of the lease set forth several permissible methods for landlord to serve a default notice upon tenant, namely, hand delivery, with service expressly made effective upon tenant’s “signed receipt”; registered or certified mail, with service expressly made effective three business days from the date of mailing; and, as here applicable, “recognized overnight courier.” In addition to serving tenant with a default notice at the subject premises, landlord was required to send an additional copy to tenant’s named counsel. Significantly, lease paragraph 27 is silent as to when service is considered to have occurred if landlord chose to deliver the default notice by use of a private courier service.
The record establishes, and it is not disputed, that landlord, whose offices were located directly adjacent to the subject building, delivered the three-day default notice here under review to Federal Express on Thursday, October 11, 2007; that Federal Express delivered the copy of the default notice intended for tenant’s counsel the next day (October 12), but was unsuccessful in its single attempt to deliver the default notice to tenant the fol *34 lowing morning, at a time (9:58 a.m.) when the demised “first-class . . . white tablecloth” restaurant premises was likely to have been and actually was closed; and that the default notice was ultimately delivered to tenant at around noon on Monday, October 15, the very date specified in the default notice for the early termination of the tenancy. Tenant’s hand-delivered, October 17 tender of the substantial rent arrears specified in the default notice was rejected by landlord as untimely, and this holdover proceeding ensued.
In view of the foregoing chronology, and resolving the patent lease ambiguity concerning the effective date of the courier delivery of the default notice against the drafter of the lease, the landlord (see 151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 734 [1984]), we conclude that service is properly measured, at the earliest, from Monday, October 15, when tenant actually received the default notice or, alternatively, Tuesday, October 16, three business days after the notice was delivered to Federal Express. The contrary lease construction urged by landlord and adopted by the trial court, that the default notice should be deemed served on the date (October 11) it was dropped off at Federal Express, finds no support in the lease provisions as written and would too readily allow the abrupt termination of this valuable, long-term commercial leasehold with the tenant afforded no real cure possibility. Nor are the notice provisions of CPLR 2103 properly imported into this case to resolve the lease interpretation issue (see and compare Matter of ATM One v Landaverde, 2 NY3d 472, 477-478 [2004]) or supportive of the trial court’s reading of the lease.
“The point of specifying methods by which a notice of default is to be given is, fundamentally, to ensure that the putative defaulter has actual notice and an opportunity to protest the claim of default or, if so provided, to avail itself of an opportunity to cure the default, if any” (Gucci Am., Inc. v Sample Sale Wholesalers, Ltd., 39 AD3d 271, 272-273 [2007]).
Since it is clear from the record that such notice and opportunity were not provided to tenant, the notice of default utilized by landlord was an ineffective predicate for this eviction proceeding.
McKeon, EJ., and Schoenfeld, J. concur.