CRG Fin. LLC v Amloid Corp. (2021 NY Slip Op 00792)





CRG Fin. LLC v Amloid Corp.


2021 NY Slip Op 00792


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ.


Index No. 652552/18 Appeal No. 13092 Case No. 2020-01999 

[*1]CRG Financial LLC, Plaintiff-Appellant,
v
Amloid Corporation, Defendant-Respondent.


Law Offices of Martin Eisenberg, White Plains (Martin Eisenberg of counsel), for appellant.
Montgomery McCracken Walker & Rhoads LLP, New York (Matthew A. Bondy of counsel), and Ice Miller LLP, Chicago, IL (Jason M. Torf of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 4, 2019, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment on its first and fourth causes of action, unanimously reversed, on the law, without costs, defendant's motion denied and plaintiff's cross motion granted
In November 2017, Toys R Us filed a bankruptcy petition. Defendant had an administrative expense claim (Administrative Claim), meaning a claim for goods delivered to Toys R Us within 20 days of the bankruptcy filing, in the amount of $194,530. Plaintiff purchased the Administrative Claim from defendant for 70% of its face value. In bolded language, the parties' agreement provided that plaintiff assumed the risk of recovering less than the purchase price in the Toys R Us bankruptcy case. The agreement qualified that statement, however, providing, "Notwithstanding the foregoing, to the extent that . . . the Claim is not listed on the [debt] Schedules, . . . Seller [defendant] agrees to make Purchaser [plaintiff] immediate proportional Restitution and repayment of the Purchase Price . . ., together with interest at the rate of [1%] per month on the amount repaid" from the date of the agreement through the date of repayment.
The quoted language clearly and unambiguously establishes a condition — the debtor's omission of the purchased claim from the debt schedules — which, upon its occurrence, immediately triggers defendant's duty to proportionally refund the purchase price (see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995]). Since the entirety of the claim was omitted from the schedule, defendant was required to refund the entire purchase price, plus contractual interest.
The fact that plaintiff eventually filed a proof of claim for the Administrative Claim, does not change the outcome. While, for purposes of advancing a claim in bankruptcy, the filing of a proof of claim may be equivalent to a debtor's inclusion of that claim in the schedules (see Fed R Bankr P 3004), the two are not identical. This is clear on the face of the parties' agreement, which contemplates a separate filing of a proof of claim regardless of whether the debt is included in the schedules.
In any event, the issue is not whether the exclusion of the claim from the schedules was harmless in light of the filing of the proof of claim. This would be the case if defendant had breached a duty; plaintiff would still need to show damages. The issue here, however, is whether the condition arose — the exclusion of the claim from the schedules — giving rise to defendant's duty under the contract to refund the purchase price. Once the condition arises, it does not matter that plaintiff "suffered no harm" (Oppenheimer, 86 NY2d at 693; see Jungmann & Co. v Atterbury Bros., 249 NY 119, 121-122 [1928]). The condition arose and defendant had an immediate and corresponding duty to return the purchase price. In failing [*2]to do so, defendant breached that duty.
Nor is the final, bolded sentence of Paragraph 7 of the parties' agreement any impediment to recovery here. That sentence simply reiterates the substance of the first bolded sentence of Paragraph 7, which is that if plaintiff presses ahead to seek to collect on the Administrative Claim, it is stuck with whatever it may recover in the bankruptcy proceedings. Plaintiff assumes the risk of, among other things, being able to collect only a fraction of the purchase price because there is not enough money in the bankruptcy estate to satisfy all of the claims. In such case, as stated in the last sentence of Paragraph 7, "the Claim [would be] valid but the Recovery [would be] less than the amount of the Purchase Price."
We note that, because the contract is unambiguous and its construction presents a pure question of law, we are able to entertain plaintiff's cross motion for summary judgment, notwithstanding the lack of joinder of issue (see Certain Underwriters at Lloyd's London Subscribing to Policy No. PGIARK01449-05 v Advance Tr. Co., Inc., 188 AD3d 523 [1st Dept 2020]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320
[1st Dept 1987]).
The agreement's indemnification clause provides that defendant "agrees to indemnify" plaintiff for "all losses, damages, and liabilities, including reasonable attorney's fees and expenses, which result from . . . litigation arising out of or in connection with the enforcement of this Agreement." Since plaintiff prevails on its first
cause of action, it is entitled to partial summary judgment on the issue of defendant's liability for plaintiff's attorneys' fees.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021